IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | Re: Dkt. No. 21, 38 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105, 363, AND 721 (A) AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS EFFECTIVE AS OF APRIL 1, 2017, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of David W. Carickhoff, chapter 7 trustee (the "Trustee") of the estate of Mad Catz, Inc. (the "Debtor"), for entry of an order pursuant to sections 105(a), 363 and 721 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") authorizing the Trustee to operate the Debtor's business on a limited basis effective as of April 1, 2017, and for related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances and it appearing that no other or further notice need be given; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to such terms in the Motion.

1

2. All objections to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Trustee is hereby authorized to operate the Debtor's business effective as of April 1, 2017, and continuing through and including September 30, 2017, for the purposes and to the extent described in the Motion.

4. The Trustee's right to request additional time to operate the Debtors' business pursuant to section 721 of the Bankruptcy Code is preserved.

5. The Trustee is hereby authorized to employ such former employees of the Debtor and certain non-professionals as independent contractors as he, in the exercise of his reasonable business judgment, believes is necessary and appropriate to assist him in the performance of his duties. The Trustee is hereby authorized, in his discretion, to pay the independent contractors retained by the Trustee for their post-petition services as requested in the Motion, without further Order of this Court, with such payments being entitled to administrative expense status pursuant to section 503(b)(1)(A) of the Bankruptcy Code. A monthly report of the name, hours worked each day, tasks performed each day, hourly rate and amount owed and/or paid for each independent contractor shall be filed by the Trustee, no later than 20 (twenty) days after the end of each month and served on the Office of the United States Trustee and upon all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

6. Notwithstanding anything to the contrary in the Motion, nothing herein shall be deemed to (a) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; (b) authorize the Trustee to cash out unpaid vacation/leave time upon termination of any employee, unless

applicable state law requires such payment, or (c) authorize payment of any pre-petition amount owed to any former employees or other person to be employed as independent contractors.

7. The Trustee shall submit an operating report for each month or part of a month that the Trustee makes any payments to the Independent Contractors.

8. The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: May 31, 2017

_____
HONORABLE KEVIN GROSS
U.S. BANKRUPTCY JUDGE

116010766v1

3