# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | |
| | Re: Dkt. No. 23 |

### ORDER (A) ESTABLISHING BID PROCEDURES RELATING TO THE SALE OF THE DEBTOR'S ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) EXTENDING THE TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND (E) GRANTING RELATED RELIEF

Upon the Motion (the "Motion")[1] of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, *inter alia*, (i) approving the proposed bid procedures (the "Bid Procedures"); (ii) scheduling a hearing (the "Sale Hearing") to approve a sale or sales (the "Sale") of the Purchased Assets and approving the form and manner of notice thereof; (iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases; (iv) extending the time to assume and or reject executory contracts; and (v) granting related relief; and this Court having found that it has jurisdiction pursuant over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and this

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

NY: 994831-3

Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and no other or further notice hereof being necessary or required; and the Court having found that the Trustee has articulated good and sufficient reasons in support of the relief requested in the Motion regarding the Sale process, including without limitation, approval of the Bid Procedures; and it appearing to the Court that based upon the representations contained in the Motion, the issuance of this Order is in the best interest of the Estate and creditors; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1	The Motion is GRANTED as set forth herein.

2	All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as they pertain to the relief granted by entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3	The Bid Procedures attached hereto as **Exhibit 1** are approved. The process for soliciting Bids and conducting the Auction set forth in the Bid Procedures (i) is designed to maximize the value to be achieved for the Purchased Assets; (ii) will ensure a competitive and efficient bidding process; and (iii) is fair and reasonable under the circumstances. The Bid Procedures shall govern the submission, receipt and analysis of all Bids relating to the Sale and any party desiring to submit a Bid shall do so strictly in accordance with the terms of the Bid Procedures and this Order.

4	If more than one Qualified Bid is received by the Bid Deadline, the Trustee shall conduct an Auction in accordance with the terms of the Bid Procedures.

5      <u>Sale Hearing</u>.[2] The hearing to approve a Sale or Sales of the Purchased Assets will be held on June 21, 2017 at 10:00 a.m. (Eastern), such hearing may be adjourned without further notice other than an announcement in open Court at the Sale Hearing or filing of a notice of adjournment of such Sale Hearing in the case.

6      <u>Sale Objection Deadline</u>.  June 14, 2017 at 4:00 p.m. (Eastern).  Objections to the Sale, if any, shall be in writing, filed with the Court and served upon (a) counsel for the Trustee, Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1100, Wilmington, DE 19081, Attn: Alan M. Root, Esq. (<u>aroot@archerlaw.com</u>);  (b) counsel for the First Lien Agent, Attn: Dennis Meloro (<u>melorod@gtlaw.com</u>); and (c) Office of the United States Trustee, c/o Linda J. Casey (linda.casey@usdoj.gov), 844 King St., Ste. 2207, Wilmington, DE 19801, so as to be actually received on or before the Sale Objection Deadline.  Service via email is acceptable.

7      The failure to timely file an objection in accordance with this Order shall bar the assertion of any objection to the Motion, entry of any Sale Order and/or consummation of the Sale(s), and shall be deemed to constitute any such party's consent to entry of any Sale Order and consummation of the Sale(s) and all transactions related thereto.  Notwithstanding the foregoing, any objections relating to the conduct of the Auction may be raised at the Sale Hearing.

8      <u>Bid Procedures and Sale Notice</u>.  A copy of this Order, the Bid Procedures and the notice in the form attached hereto as **Exhibit 2**  (the "<u>Sale Notice</u>") shall be served on or before June 5, 2017, via first class mail postage pre-paid, or, for those parties who have consented to receive notice by the Electronic Case Files ("<u>ECF</u>") system, by ECF, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Purchased Assets; (ii) all entities known to have asserted any lien, claim, interest, or

---

[2] The Sale Hearing Date and Sale related deadlines set forth herein and in the Bidding Procedures are summarized in the chart attached hereto as <u>Exhibit A</u>.

3

encumbrance in or upon any of the Purchased Assets; (iii) the Office of the United States Trustee for the District of Delaware; (iv) Counsel to the First Lien Agent; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rules 2002-1 and 9013-1(b); *provided, however*, that to the extent email addresses are available, such parties may be served by email. In addition, the Trustee shall serve the Sale Notice only by first-class mail, postage prepaid or, for those parties who have consented to receive notice by the ECF system, by ECF, upon: (i) the United States Attorney's offices for the District of Delaware; (ii) the Internal Revenue Service; and (iii) all known creditors of the Estate, as set forth on the Debtor's creditor matrix filed at docket no. 4. Such notice is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale and is therefore approved. No other or further notice of the Sale or Sale Hearing shall be required.

9 Assumption and Assignment Procedures. No later than 30 days after the Sale Hearing, the Trustee will file with the Court and serve on each party to an Assigned Contract a notice substantially in the form attached hereto as **Exhibit 3** (the "Cure Notice") identifying each Assigned Contract and setting forth the amount of cure owed thereunder according to the Debtor's books and records. The Cure Notice shall state (i) the cure amount that the Trustee believes is necessary to assume such contract or lease pursuant to the Bankruptcy Code section 365 (the "Cure Amount"), (ii) notify each party that such party's contract may be transferred assumed and assigned to the Successful Bidder, and (iii) state the deadline ("Cure/Assumption Objection Deadline") by which the non-Debtor party shall file an objection to the Cure Amount (a "Cure Objection") or to the assumption and to the assumption and assignment of any Assigned Contract to the Successful Bidder (including any objection based on lack of adequate assurance

4

of performance of the contract by the Successful Bidder) ("Assumption and Assignment Objection").

10    The form of Cure Notice attached hereto as **Exhibit 3** is reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the intended transfer, assumption and assignment of the Assigned Contracts, any Cure Amounts relating thereto and procedures for objecting to the transfer, assumption or assignment of the Assigned Contracts.

11    The Cure/Assumption Objection Deadline shall be 4:00 p.m. (Eastern) 17 (seventeen) days after the filing and service of the Cure Notice. Any objections must: (i) be in writing; (ii) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; and (iii) state with specificity the legal and factual basis for such objection. Any objections not resolved between the parties shall be set for a hearing as fixed by the Court.

12    Any counterparty to any Assigned Contract who does not file a Cure Objection by the Cure/Assumption Objection Deadline, shall be forever barred from objecting to the Cure Amount or asserting or claiming any Cure Amount (other than the Cure Amount listed in the Cure Notice) against the Trustee or any Successful Bidder. Moreover, any counterparty to an Assigned Contract who does not file an Assumption and Assignment Objection by the Cure/Assumption Objection Deadline shall be deemed to have consented to the assumption and assignment of its Assigned Contract to the Successful Bidder and will be forever barred from objecting to such assumption and assignment on account of the Cure Amount, lack of adequate assurance or any other grounds.

13    The deadline to assume or reject executory contracts or unexpired leases imposed by section 365(d)(1) of the Bankruptcy Code shall be extended through and including July 31,

5

2017. This extension is without prejudice to the Trustee's right to seek further extension of such deadline or to seek to reject any contract prior to such date.

14    The Trustee is authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

15    To the extent there is any inconsistency between the terms of this Order and the Bidding Procedures, the terms of this Order shall control.

16    Notwithstanding any applicability of Rules 6004(h), 6006(d), 7062 or 9014 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

17    This Court retains jurisdiction with respect to all matters, claims, rights or disputes arising from, based upon or related to this Order.

Dated: June 1, 2017

The Honorable Kevin Gross
United States Bankruptcy Judge