**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MAD CATZ, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 17-10679 (KG)<br><br>Re: Docket No. 23 |

**LIMITED OBJECTION OF LOGITECH AND ITS**
**AFFILIATES TO TRUSTEE'S SALE MOTION**

Logitech, Inc. and its Buyer affiliates[1] (collectively, "Logitech") hereby file this limited objection (the "Objection"), to the *Motion for Entry of Orders (I) (A) Establishing Bid Procedures Relating to the Sale of the Debtor's Assets; (b) Scheduling a Hearing to Consider the Proposed Sale and Approving the Form and Manner of Notice Thereof; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Extending the Time to Assume or Reject Executory Contracts and (E) Granting Related Relief and (II)(A) Approving the Proposed Sale; (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 23] (the "Sale Motion"), filed by David W. Carickhoff, in his capacity as Chapter 7 Trustee (the "Trustee") of the estate of Mad Catz, Inc. (the "Debtor"), seeking to sell certain assets belonging to the Debtor and coordinate the sale of certain other assets belonging to non-bankrupt foreign affiliates of the Debtor. In support of the Objection, Logitech respectfully represents as follows:

---

[1] Logitech Inc.'s affiliates include without limitation all Buyers, parties to the Asset Purchase Agreement, including Logitech Europe S.A., a corporation duly organized under the laws of the Canton of Vaud ("Swiss Buyer"), Logitech Inc., a California corporation ("US Buyer"), Logitech Technology (Suzhou) Co. Ltd., a private limited company organized under the laws of the People's Republic of China ("China Buyer"), Logitech Asia Pacific Limited, a private limited company incorporated in Hong Kong ("HK Buyer"), and Logitech UK Limited, a private limited company incorporated in England and Wales ("UK Buyer" and, together with Swiss Buyer, US Buyer, China Buyer and HK Buyer, "Buyers").

RLF1 17709767v.3

**PRELIMINARY STATEMENT**

As described below, Logitech purchased certain assets pre-petition from the Debtor and its foreign affiliates.  Logitech has been unable to conclusively confirm whether the assets subject to the Sale Motion include any assets which Logitech purchased or which otherwise do not belong to the Debtor, and the Sale Motion does not include the definitive schedules of the assets subject to the Sale Motion.  Accordingly, the Trustee must confirm that he is only selling assets that constitute property of the Debtor's estate.  Moreover, Logitech is the beneficiary of several licenses of intellectual property (the "IP Licenses") from the Debtor.  The Trustee cannot sell licensed intellectual property free of those licenses (and related rights under Section 365(n) of the Bankruptcy Code).  Rather, any sale must be subject to the IP Licenses.  To date, Logitech has been unable to obtain confirmation that its rights will be preserved under any order granting the relief sought in the Sale Motion.  For these reasons and as more specifically stated below, Logitech objects to the Motion.

**BACKGROUND**

1.  Logitech entered into that certain Asset Purchase Agreement dated as of September 15, 2016 (the "Asset Purchase Agreement")[2] by and among Mad Catz Interactive Inc., a corporation organized under the Canada Business Corporations Act ("Parent"), 1328158 Ontario Inc. dba Mad Catz Canada, an Ontario corporation ("Canada Holdco"), Mad Catz, Inc., a Delaware corporation (the Debtor in this case), Mad Catz Interactive Asia Ltd., a private limited company incorporated in Hong Kong ("HK Seller"), Mad Catz Technological Development (Shenzhen) Co., Ltd., a private limited company organized under the laws of the People's Republic of China ("China Seller"), and Mad Catz Europe Limited, a private limited company

---

[2] Any capitalized term not otherwise defined herein has the meaning ascribed to it in the Asset Purchase Agreement and the Ancillary Agreements.

incorporated in England and Wales ("UK Seller" and, together with Parent, Debtor, HK Seller and China Seller, "Sellers"), on the one hand, and Logitech and its affiliated Buyers on the other hand.  Included within the Asset Purchase Agreement and the Ancillary Agreements were several licenses of intellectual property rights (the "Licenses").  These Licenses cover, *inter alia*, the Retained IP and Licensed IP and remain in full force and effect.

## ARGUMENT

**I.    The Trustee Cannot Sell Logitech's Property Because It Is not Property of the Estate**

2.    The Trustee can only sell property that belongs to the estate, and it is his burden to prove that all of the property subject to the Sale Motion is in fact property of the estate.  See 11 U.S.C. § 541(a); 11 U.S.C. § 363(b); In re Whitehall Jewelers, 2008 WL 2951974 (Bankr. D. Del. 2008). This very Court made the following observations in Whitehall Jewelers, which are particularly instructive and applicable here:

> A bankruptcy court may not allow the sale of property as "property of the estate" without first determining whether the property is property of the estate.  See Moldo v. Clark (In re Clark), 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001) ("[T]he property that can be sold free and clear under section 363(f) is defined by subsections (b) and (c) of section 363 as 'property of the estate.'"); Darby v. Zimmerman (In re Popp), 323 B.R. 260, 266 (B.A.P. 9th Cir. 2005) ("even before one gets to Section 363(f), Section 363(b), as interpreted by Rodeo, requires that the estate demonstrate that the property it proposes to sell is 'property of the estate.'"); Anderson v. Conine (In re Robertson), 203 F.3d 855, 863 (5th Cir. 2000) (holding that section 363(f) does not permit a trustee to sell the property of a non-debtor spouse because such property was not "property of the estate"); In re Coburn, 250 B.R. 401, 403 (Bankr. M.D. Fla. 1999) (finding it necessary to determine whether an asset is property of the estate in order to decide whether the trustee is entitled to sell the asset pursuant to section 363(f).

Whitehall Jewelers, 2008 WL 2951974 at *4.

3.      Thus, the Trustee must specifically confirm that he is only selling property of the estate and that the assets subject to the Sale Motion do not currently (and will not hereafter be amended to) include property belonging to Logitech or that otherwise is not property of the estate.  The Trustee has not met that burden as the Sale Motion does not specifically identify the property subject to the sale and appears to implicate property that belongs to non-debtor foreign affiliates.  See Notice of Sale Hearing [Docket No. 51].

**II.     The Trustee Cannot Sell Free and Clear of the IP Licenses Granted to Logitech Prepetition**

4.      For the same reason, the Trustee cannot sell free and clear of IP Licenses granted to Logitech pre-petition because the Trustee can only sell what the Debtor owns.  Whitehall Jewelers, 2008 WL 2951974 at *4.  Any sale of intellectual property by the Trustee must remain subject to any prior conveyances by the Debtor of any interests in such intellectual property.  See In re Access Beyond Techs., Inc., 237 B.R. 32, 38 n. 5 (Bankr. D. Del. 1999) ("federal law regarding the assignment of patents makes patent assignments subject to the conditions of any licenses or other rights previously conferred by the patent holders").

5.      This includes, without limitation, any rights that Logitech may have even if the IP Licenses were to be rejected.  See In re Crumbs Bake Shop, 522 B.R. 766, 777-79 (Bankr. N.J. 2014) ("The Court holds that in the absence of consent, nothing in § 363(f) trumps, supersedes, or otherwise overrides the rights granted to Licensees under § 365(n).  This conclusion is based on two factors: the principle of statutory construction that the specific governs the general; and the legislative history of § 365."); In re Exide Techs., 607 F.3d 957, 967 (3d Cir. 2010) (Ambro, J. concurring) ("[C]ourts may use § 365 to free a bankrupt trademark licensor from burdensome duties that hinder its reorganization.  They should not . . . use it to let a licensor take back

trademark rights it bargained away.  This makes bankruptcy more a sword than a shield, putting debtor-licensors in a catbird seat they often do not deserve.").

6.      Logitech has already given the Trustee notice (and hereby confirms) that it does **not** consent to the transfer of any intellectual property in which has a license (including the IP Licenses) free and clear of such interest.  Moreover, the Trustee cannot give Logitech adequate protection under the Bankruptcy Code for its license rights, other than by honoring the IP Licenses and selling any intellectual property subject to the IP Licenses, given the importance of the rights conveyed to Logitech's enjoyment of the rights to the assets it acquired under the Asset Purchase Agreement and the Ancillary Agreements.

## **CONCLUSION**

7.      Logitech has engaged with the Trustee to attempt to negotiate appropriate language in any Sale Order to protect its interests.  That process is ongoing but has not been resolved as of the date hereof.  To the extent the Trustee and Logitech are unable to reach an agreement on language, Logitech respectfully requests that the transaction documents and any order or orders approving the Sale Motion expressly provide that the sale is subject to and without prejudice to the rights of Logitech under the Licenses, including, in the event of the rejection of such agreements, Logitech's rights under section 365(n) of the Bankruptcy Code.  Accordingly, Logitech objects to the Sale Motion to the extent that it would impair any of its interests to the assets and rights conveyed under the Asset Purchase Agreement, the Ancillary Agreements, any related transaction documents and any licenses (including the IP Licenses).

Dated: June 15, 2017
      Wilmington, Delaware

                    */s/ Brett M. Haywood*
                    **RICHARDS, LAYTON & FINGER, P.A.**
                    Michael J. Merchant (No. 3854 )
                    Brett M. Haywood (No. 6166)
                    One Rodney Square
                    Wilmington, DE 19801
                    Telephone: (302) 651-7700
                    Facsimile: (302) 651-7701

                    **O'MELVENY & MYERS LLP**
                    Stephen H. Warren (*pro hac vice* pending)
                    Brian Metcalf (*pro hac vice* pending)
                    400 South Hope Street
                    Los Angeles, CA  90071-2899
                    Telephone:  (213) 430-6000
                    Facsimile:   (213) 430-6407

                    Attorneys for Logitech and the Buyer affiliates