IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | |
| | Re: Dkt. No. 50 & 55 |

**FINAL ORDER (I) AUTHORIZING THE TRUSTEE TO USE
CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION,
(III) MODIFYING THE AUTOMATIC STAY, AND (IV) APPROVING SHARING
ARRANGEMENT**

THIS MATTER having come before this Court upon a motion (the "Motion") by David Carickhoff, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Mad Catz, Inc. (the "Debtor") in this chapter 7 case (the "Chapter 7 Case"), seeking, among other things, entry of an order (this "Order"):

(i) authorizing the Trustee to use cash collateral of Sterling National Bank, as administrative agent (the "Agent") for the Lenders, as defined in that certain Loan and Security Agreement (as defined below) (the "Lenders" and with the Agent, collectively, the "Secured Parties") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), on terms and conditions more fully described herein;

(ii) vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this Order;

(iii) granting to the Secured Parties adequate protection against the diminution in value of the Collateral (as defined below);

(iv) approving a sharing arrangement between the Trustee and the Secured Parties; and

(v) waiving the fourteen-day stay provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

THE COURT HAVING CONSIDERED THE MOTION and the evidence submitted at or in advance of the hearing on the Motion (the "Hearing") and in accordance with Bankruptcy Rules 2002, 4001(b) and (d), and 9014 and the local rules of the Court; due and proper notice of the Motion and the Hearing having been given; the Hearing having been held and concluded; and it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Estate and its creditors, and is essential for the liquidation of the Debtor's assets; and all objections, if any, to the entry of this Order having been withdrawn, resolved or overruled by this Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefore;

**BASED UPON THE RECORD ESTABLISHED AT THE HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. **Petition Date.** On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

B. **Appointment of Trustee.** On March 31, 2017, the Trustee was appointed as chapter 7 trustee of the Estate pursuant to section 701(a) of the Bankruptcy Code. The meeting of creditors in this case pursuant to section 341 of the Bankruptcy Code was held on May 10, 2017 and concluded.

C. **Jurisdiction and Venue**. This Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. §§ 157(b) and 1334, and over the persons and property affected hereby.

Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Chapter 7 Case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D. **Notice**. Notice of the Hearing and the relief requested in the Motion has been provided by the Trustee, whether by telecopy, email, U.S. mail, ECF notice, overnight courier, or hand delivery to certain parties in interest, including: (i) the Office of the United States Trustee; (ii) the parties who have requested notice of proceedings in this Chapter 7 Case pursuant to Bankruptcy Rule 2002; (iii) counsel to the First Lien Agent; and (iv) parties known by the Trustee to assert secured claims with respect to or any interest in the Collateral (as defined below). Under the circumstances, such notice of the Hearing and the relief requested in the Motion is due and sufficient notice and complies with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001(b), 4001(d) and the local rules of the Court.

E. **Secured Parties' Representations.** The Secured Parties represent as follows: As of the Petition Date, the Debtor owed the Secured Parties the sum of $4,703,521.23 (the "Pre-Petition Secured Liabilities"). The Pre-Petition Secured Liabilities are secured by a first priority continuing security interest (the "Pre-Petition Lien") granted by the Debtor in and to all assets of the Debtor, whether then existing or thereafter acquired or arising, or in which Debtor otherwise has rights, and any and all products and proceeds thereof (the "Collateral") pursuant to (i) that certain Loan and Security Agreement dated as of June 30, 2015, by and between the Debtor as borrower, and Agent, as agent for Lenders, as may have been amended, amended and restated, modified or supplemented (the "Loan and Security Agreement"); (ii) that certain Security Agreement; (iii) that certain Patent Copyright, and Trademark Security Agreement; and (iv) all other documents related thereto (collectively, the "Loan Documents"). The Pre-Petition Lien

was perfected by (i) the filing of UCC financing statements with the secretary of state of the state of organization of the Debtor and (ii) the execution of deposit account control agreements. Hence, Debtor cash and cash equivalents as of the Petition Date and proceeds of the Collateral now and hereafter received constitute cash collateral of the Secured Parties ("Cash Collateral") within the meaning of section 363(a) of the Bankruptcy Code.

F. **Trustee Investigation.** The Trustee has not consented to the Secured Parties' Representations set forth in paragraph E and has not yet had an adequate opportunity to investigate such representations or the amount, extent, validity, priority, and perfection of the Pre-Petition Secured Liabilities and/or the Pre-Petition Lien. The Trustee shall have the period set forth in paragraph 8(ii) hereof to investigate and object to: (a) validity, extent, perfection or priority of the Pre-Petition Lien and/or (b) the validity, allowability, priority, status or amount of the Pre-Petition Secured Liabilities (collectively, such actions in clauses (a) and (b) being a "Challenge").

G. **Secured Parties' Consent.** The Secured Parties are willing to consent to the Trustee's use of Cash Collateral, subject to the adequate protection and other provisions provided herein.

H. **Need to Use Cash Collateral.** A need exists for the Trustee to use Cash Collateral of the Secured Parties in order to administer and preserve the value of the Estate. The inability to use such Cash Collateral would irreparably harm the Estate and its creditors.

I. **Adequate Protection for the Secured Parties**. The Secured Parties are entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy Code for any decrease in the value of their interests in the Collateral (including Cash Collateral) resulting from the Trustee's use, sale or lease of the Collateral (including Cash Collateral) during the

Chapter 7 Case, the effects of this Order, and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Trustee will grant the Agent, on behalf of the Secured Parties, the Adequate Protection Lien (as defined below) and provide the other protections to the Secured Parties as set forth herein.

J. **Business Judgment and Good Faith.** The terms and conditions of this Order are fair, reasonable, and the best available under the circumstances, reflect the Trustee's exercise of prudent business judgment consistent with his fiduciary duties, and are supported by reasonably equivalent value and consideration. This Order was negotiated in good faith and at arms' length between the Trustee and the Agent, on behalf of the Secured Parties.

K. **Relief Essential; Best Interest**. The relief requested in the Motion is necessary, essential, and appropriate for the preservation of the Debtor's assets and personal property. It is in the best interest of the Estate that the Trustee be permitted to use the Cash Collateral subject to the terms of this Order.

**NOW, THEREFORE**, on the Motion of the Trustee and the record before this Court with respect to the Motion, and with the consent of the Trustee and the Agent, on behalf of the Secured Parties, to the form and entry of this Order, and good and sufficient cause appearing therefore,

**IT IS ORDERED** that:

1. **Motion Granted**. The Motion is granted in accordance with the terms and conditions set forth in this Order.

2. **Authorization to Use Cash Collateral**. Subject to the terms and conditions of this Order, the Trustee is authorized to use Cash Collateral for, *inter alia* (a) preservation of the Debtor's assets, books and records (including its servers); (b) the liquidation and sale of the

Debtor's assets and personal property; (c) the collection and/or liquidation of receivables generated by the Debtor's operations; and (d) payment of costs of administration of the Chapter 7 Case, including but not limited to the Trustee's professionals in accordance with the attached budget (the "Budget") approved by the Agent.

3. **Adequate Protection for the Secured Parties**. As adequate protection for, and solely to the extent of any decrease in value of the interests of the Secured Parties in the Collateral (including the Cash Collateral), on account of the Trustee's use, sale or lease of the Collateral (including the Cash Collateral) during the Chapter 7 Case, the effects of this Order, and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Agent, on behalf of the Secured Parties, will be granted a replacement perfected security interest under Section 361(2) of the Bankruptcy Code in the Collateral to the extent that the Cash Collateral is used by the Trustee, with the same extent, priority, validity and enforceability as the Pre-Petition Lien (the "Adequate Protection Lien"). Notwithstanding the foregoing, the Adequate Protection Lien shall not apply to: (a) avoidance claims or recoveries under chapter 5 of the Bankruptcy Code; (b) any property of the Debtor (or the proceeds thereof) that was not encumbered by the Pre-Petition Lien as of the Petition Date; and/or (c) the proceeds of the sale of any asset that is excluded collateral under the Loan Documents.

4. **Evidence of Adequate Protection Lien**. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Lien without the necessity of filing or recording any financing statement, deed of trust, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect the Adequate Protection Lien, or to entitle the Secured Parties to the priorities granted herein. Notwithstanding the foregoing, the Agent, on

behalf of the Secured Parties may, in its sole discretion, file such security agreements, pledge agreements, financing statements, mortgages, notices of liens and other similar documents, and is hereby granted relief from the automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Order. The Trustee shall execute and deliver to the Agent, on behalf of the Secured Parties, all such financing statements, mortgages, notices and other documents as the Secured Parties may reasonably request to evidence, confirm, validate or perfect, or to insure the contemplated priority of the Adequate Protection Lien granted hereby. The Agent, on behalf of the Secured Parties, in its discretion, may file a photocopy of this Order as a financing statement with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which the Debtor has real or personal property, and in such event, the subject filing or recording officer shall be authorized to file or record such copy of this Order. The Adequate Protection Lien shall be valid and enforceable notwithstanding the dismissal of the Chapter 7 Case.

5. **Disposition of Collateral.** Except as may be set forth in this Order or in a further order of the Court entered after notice to the Agent, on behalf of the Secured Parties (and any other person required to receive notice) and a hearing, the Trustee shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral, without the prior written consent of the Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by the Agent). All proceeds of the collection, sale, transfer, lease, encumbrance or other disposition of the Collateral shall be deposited into an account maintained by the Trustee for the Estate in a depository approved by the United States Trustee for this region.

6. **Sharing Agreement**. The Secured Parties agree to carve-out (the "Carve-Outs") from the Net Proceeds[1] of their Collateral the following, which shall be held by the Trustee free and clear of the Pre-Petition Lien and the Adequate Protection Lien:

(i) Administrative Carve-Out.  An amount sufficient to fund the administrative expenses of the Chapter 7 Case, including allowed professional fees, as per the Budget, which may be amended by agreement based on the circumstances of the case (the "Administrative Carve-Out").[2] Any expense or fee claimed to be within the Administrative Carve-Out shall be subject to reasonableness objections.  The Administrative Carve-Out shall not be used to prosecute any Challenge(s); provided that up to $25,000, of the Administrative Carve-Out may be used to investigate any Challenge(s).

(ii) Distribution Carve-Out. Provided that and conditioned upon no Challenge having been made by the Trustee with respect to the Pre-Petition Lien and/or the Pre-Petition Secured Liabilities prior to the expiration of the Challenge Period, a carve-out from Net Proceeds of Collateral (the "Distribution Carve-Out") to be used to fund distributions in accordance with section 726 of the Bankruptcy Code.  The Distribution Carve-Out, to the extent necessary, shall be used to satisfy any administrative expenses not included in the Administrative Carve-Out before such funds may be available for

---

[1] As used herein, "Net Proceeds" shall mean the gross proceeds of Collateral received by the Trustee less any costs or expenses not otherwise reflected in the Administrative Carve-Out, including, but not limited to, royalty payments, storage fees, transportation fees, third party logistic fees and legal fees or expenses not included in the Budget. It being the intention of the parties that such costs and expenses (i) shall be subject to advance review (whenever reasonably practical) and reconciliation with the Agent and (ii) shall be paid or subtracted from the gross proceeds before the Carve-Out amounts are calculated.

[2] It is understood by and among the parties that the Budget is a best estimate given the facts and circumstances currently known by the professionals.  In the event that the facts and circumstances change, the parties shall negotiate in good faith to amend the Budget to include any additional reasonable fees and expenses that the facts and circumstances warrant.

distribution to unsecured creditors. Further, the Secured Parties shall not be entitled to assert any deficiency claim against the Distribution Carve-Out.

    (iii)    <u>Funding of Carve-Outs.</u> The Carve-Outs shall be funded as follows:

    (a)    <u>First</u>, $250,000, from cash in the Debtor's bank accounts at Wells Fargo Bank, N.A. to fund a portion of the Administrative Carve-Out. The balance of such bank accounts (approximately $717,822.68)[3] shall be paid over by the Trustee to the Agent on account of the Pre-Petition Secured Liabilities upon (or as soon as reasonably practical after) entry of this Order.

    (b)    <u>Second</u>, from 5% of the of the Net Proceeds of Collateral until such time as the Trustee has collected or otherwise received Net Proceeds of $2.5 Million (exclusive of any cash turned over to the Trustee from the Debtor's bank accounts at Wells Fargo Bank, N.A.) to fund the Distribution Carve-Out

    (c)    <u>Third</u>, once the Trustee has collected or otherwise received Net Proceeds equal to $2.5 million as set forth in paragraph 6(iii)(b) above, from 100% of the Net Proceeds of Collateral collected or otherwise received by the Trustee until such time as the Administrative Carve-Out is fully funded in the amount set forth in the Budget.

    (d)    <u>Fourth</u>, once the Administrative Carve-Out is fully funded in the amount set forth in the Budget, from 10% of the Net Proceeds of the Collateral collected or otherwise received by the Trustee until the Pre-Petition Secured Liabilities in the amount of $4,703,521.23 are satisfied in full.

---

[3] This number is based upon the May 26, 2017 closing ledger account balances of $967,822.68 for accounts ending 7520 and 0201.

(e)     <u>Fifth</u>, once the Pre-Petition Secured Liabilities are satisfied in full, from 50% of the Net Proceeds of the Collateral collected or otherwise received by the Trustee until all post-petition interest (at the non-default rate) accrued on the Pre-Petition Secured Liabilities, and any reasonable, documented attorneys' fees of the Agent are satisfied in full.[4]

7.    **Satisfaction of the Pre-Petition Secured Liabilities.**  Until the Pre-Petition Secured Liabilities are indefeasibly paid or otherwise satisfied in full (inclusive of post-petition interest accrued at the non-default rate), on a quarterly basis, the Trustee shall pay, by wire transfer or check, to the Agent, on behalf the Secured Parties, the aggregate amount of all Net Proceeds of Collateral after deducting the share of such Net Proceeds to be contributed to the Carve-Outs as set forth in paragraph 6(iii) above. Such payment shall be applied to repay the Pre-Petition Secured Liabilities in such order as the Secured Parties may determine in their reasonable discretion.  For the avoidance of doubt, any payments on account of the Pre-Petition Secured Liabilities from any other source, such as a co-obligor or guarantor under the Lien Loan Documents, shall likewise be applied to repay the Pre-Petition Secured Liabilities.

8.    **Release of Challenges.**

(i)    Subject to Paragraph 8(ii) hereof, any and all Challenge(s) shall be deemed to be forever waived, released and barred, and the Pre-Petition Secured Liabilities shall be deemed allowed as secured claims within the meaning of Section 506 of the Bankruptcy Code for all purposes in connection with the Chapter 7 Case.

---

[4] Counsel for the Agent shall submit copies of invoices evidencing its attorneys' fees to the Chapter 7 Trustee and the Office of the United States Trustee (the "<u>Notice Parties</u>"). Upon receipt of an invoice, the Notice Parties shall have ten (10) days to object to the reasonableness of any fees. Any objections not resolved by the parties shall be decided by the Bankruptcy Court.

(ii) The Trustee and any other party in interest must, commence a contested matter or adversary proceeding raising a Challenge against any of the Secured Parties no later than seventy-five (75) days after entry of this Order (the "Challenge Period"). Only those parties in interest who properly commence a Challenge within the Challenge Period may prosecute such Challenge. As to (x) any parties in interest who fail to file a Challenge within the applicable Challenge Period, or if any such Challenge is filed and overruled, or (y) any and all matters that are not expressly the subject of a timely Challenge: (1) any and all such Challenges by any party (including, without limitation, any examiner or any other estate representative appointed in the Chapter 7 Case), shall be forever waived and barred and (2) all of the findings, stipulations, waivers, releases, affirmations, and other stipulations as to the priority, extent, and validity as to the Pre-Petition Secured Liabilities and the Pre-Petition Lien shall be of full force and effect and forever binding upon the Estate and all creditors, interest holders, and other parties in interest in the Chapter 7 Case. For the avoidance of doubt, nothing in this Order vests or confers on any person (as defined in the Bankruptcy Code), standing or authority to pursue any cause of action belonging to the Estate, including, without limitation, any Challenge with respect to the Pre-Petition Secured Liabilities and the Pre-Petition Lien.

9. **Survival of this Order**. The provisions of this Order and any actions taken pursuant hereto shall be effective on the entry hereof and shall survive entry of any order which may be entered (i) dismissing the Chapter 7 Case, (ii) withdrawing the reference of the Chapter 7 Case from this Court, or (iii) providing for abstention from handling or retaining of jurisdiction

of the Chapter 7 Case in this Court. The terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of such order.

10. **Objections Overruled**. All objections to the Motion to the extent not withdrawn or resolved, are hereby overruled.

11. **Waiver of the Fourteen (14) Day Stay Under Bankruptcy Rule 6004(h)**. The fourteen (14) day stay provisions of Bankruptcy Rule 6004(h) are waived and shall not apply to this Order.

12. **Retention of Jurisdiction**. This Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: June 20, 2017
Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge

115937911v9