# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | |
| | Re: Dkt. No. 23, 54, 63 & 64 |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006 AND 9014 (I) APPROVING THE SALE OF THE CERTAIN OF THE DEBTOR'S ASSETS TO DEVICE EXPERT INC; (II) AUTHORIZING CONSUMMATION OF A SALE TRANSACTION; AND (III) GRANTING RELATED RELIEF

Upon the Motion (the "Motion") of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor"), for Entry of an Order Pursuant To 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014 (I) Approving the Sale of the Certain of the Debtor's Assets; (II) Authorizing Consummation of a Sale Transaction; and (III) Granting Related Relief; and a hearing having been held on June 21, 2017 (the "Sale Hearing") to consider approval of the sale of the Acquired Assets[1] to the Buyer pursuant to the terms and conditions of the Asset Purchase Agreement attached hereto as Exhibit1 (as subsequently amended or modified, the "Purchase Agreement")[2] by and between the Trustee and Device Expert Inc. (the "Buyer"); and adequate and sufficient notice of the Motion having been given to all known parties in interest in this case; and all such parties having been afforded an opportunity to be heard with respect to the Motion and all relief requested therein; and the Court having reviewed and considered: (i) the

---

[1] The Acquired Assets subject to this Sale Order are described in further detail in the Purchase Agreement (as defined herein) attached hereto as Exhibit 1.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion, or Purchase Agreement, as applicable.

Motion; (ii) the objections thereto, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing or submitted in advance of the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

FOUND AND DETERMINED THAT:

A.       The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.       This Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement (the "Sale Transaction") under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.       The statutory predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002, 6004, and 9014.

D.       This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

E.       As evidenced by the affidavits or certificates of service filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, and the other relief granted herein, have been provided in accordance with Bankruptcy Code sections 102(1), 105(a), and 363 and Bankruptcy Rules 2002 and 6004; (ii) such notice was good, sufficient and appropriate under the circumstances, and reasonably calculated to reach and apprise all known holders of Interests (as hereinafter defined), and all other parties in interest about the Motion, the

Sale Hearing, the sale of the Acquired Assets, and the other relief granted herein; and (iii) no other or further notice of the Motion, the Sale Hearing, the sale of the Acquired Assets, and the other relief granted herein is or shall be required.

F.      A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all known interested persons and entities, including: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Buyer; (iii) counsel to the Pre-Petition Agent; (iv) any party known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest (as hereinafter defined) in or upon any of the Acquired Assets which are to be sold pursuant to the Purchase Agreement; (v) any party known or reasonably believed to have expressed an interest in acquiring some or substantially all of the Acquired Assets; (vi) the Internal Revenue Service; (vii) the United States Attorney's offices for the District of Delaware; (viii) all known creditors of the Estate, as set forth on the Debtor's creditor matrix filed at docket no. 4; and (ix) any other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b).

G.      As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration before the Sale Hearing, (1) the Trustee has appropriately marketed the Acquired Assets under the circumstances; and (2) a full, fair and reasonable opportunity has been given to any interested party to make a higher or better offer for the Acquired Assets.

H.      The Bid Procedures set forth in the Bid Procedures Order were non-collusive and substantively and procedurally fair to all parties.

I.      The Buyer (i) is purchasing the Acquired Assets in good faith and (ii) is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and

therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law.  The Buyer otherwise has proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Acquired Assets, (b) the Buyer was subjected to a bidding process designed to solicit competitive bids, (c) all payments to be made by the Buyer in connection with the Purchase Agreement have been disclosed, (d) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction, and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions with the parties represented by competent counsel of their choosing.

J.      The consideration provided by the Buyer pursuant to the Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia (including the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, and the Uniform Fraudulent Conveyance Act).  The Purchase Agreement was not entered into, and neither the Trustee nor the Buyer has entered into the Purchase Agreement or propose to consummate the Sale Transaction, for the purpose of hindering, delaying or defrauding the Debtor's present or future creditors.

K.      Subject to the entry of this Sale Order, the Trustee has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized.  No consents or approvals other than those provided for in the Purchase Agreement are required for the Trustee to consummate the Sale Transaction described therein.

4

L.       The transfer of the Acquired Assets to the Buyer shall be a legal, valid and effective transfer of the Acquired Assets and shall vest the Buyer at Closing with all right, title and interest of the Debtor in and to the Acquired Assets, free and clear of all claims (as defined in Section 101(5) of the Bankruptcy Code, "Claims"), liens (as defined in Section 101(37) of the Bankruptcy Code, "Liens"), encumbrances   and all other interests (Claims and Liens, collectively, "Interests"), except for the liabilities assumed by Buyer under the Purchase Agreement (the "Assumed Liabilities").   Other than the Assumed Liabilities, the Buyer shall have no obligations with respect to any liabilities of the Debtor.

M.       A sale of the Acquired Assets other than one free and clear of Interests on the terms set forth herein would be of substantially less benefit to and would adversely affect the Estate.

N.       The Trustee may sell the Acquired Assets to the Buyer free and clear of all Interests (except the Assumed Liabilities) in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.   Those holders of Interests against the Debtor, its Estate or any of the Acquired Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

O.       It is a reasonable exercise of the Trustee's business judgment to consummate the Sale Transaction contemplated by the Purchase Agreement, and such actions are in the best interests of the Estate and its creditors.   The consummation of the sale transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f),  and 363(m) of the Bankruptcy Code, and all

of the applicable requirements of such sections have been complied with in respect of the Sale Transaction.

P.       The Purchase Agreement is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable against the Buyer and the Trustee according to its terms.

Q.       The Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rule 6004(g).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.       The Motion is granted as set forth herein.

2.       Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled.

3.       The Purchase Agreement and the transactions contemplated thereunder are hereby approved.

4.       The Buyer's offer for the Acquired Assets, as embodied in the Purchase Agreement, is the highest and best offer for the Acquired Assets and is hereby approved.

5.       The Trustee is authorized to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Purchase Agreement and effectuate the Sale Transaction, and to take all other and further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession the Acquired

Assets, or as may be necessary or appropriate to the performance of the obligations of the Buyer and Trustee as contemplated by the Purchase Agreement.

6.      The transfer of the Acquired Assets to the Buyer shall vest the Buyer with all right, title and interest of the Debtor in and to the Acquired Assets, free and clear of all Interests of any kind or nature whatsoever other than the Assumed Liabilities, with all such Interests attaching to the net cash proceeds of the Sale in the order of their priority, with the same validity, force and effect that they now have as against the Acquired Assets, subject to any claims and defenses the Trustee or the Debtor's Estate may possess with respect thereto. All holders of Interests fall within one or more subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests attach to the net proceeds received by the Trustee.

7.      Subject to the Assumed Liabilities, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Acquired Assets shall be transferred to Buyer, and upon the Closing the Buyer shall take the Debtor's title to and possession of the Acquired Assets upon consummation of the Purchase Agreement.

8.      Upon the Closing of the Sale, each of the Debtor's creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Acquired Assets, if any, as such Interests may have been recorded or may otherwise exist.

9.      If any person or entity that has filed financing statements, mortgages, lis pendens or other documents or agreements evidencing Interests in the Acquired Assets (except for the Assumed Liabilities) and has not delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Interests that the person or entity has with respect to the Acquired Assets, then:

7

(a) the Buyer is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets, and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all Interests in the Acquired Assets of any kind or nature whatsoever.  Each governmental agency or department is hereby ~~directed~~ *authorized* to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

10.    This Sale Order: (a) shall be effective as a determination that, except for the Assumed Liabilities, at Closing, all Interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally released, discharged and terminated as to the Acquired Assets being sold (but not, for the avoidance of doubt, released, discharged or terminated with respect to the net proceeds of those Acquired Assets), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

11.    Except for the Assumed Liabilities, the sale, transfer, assignment and delivery of the Acquired Assets shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Debtor and its Estate.

Except for the Assumed Liabilities, all persons holding Interests against or in the Debtor or the Acquired Assets of any kind or nature whatsoever hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interests of any kind or nature whatsoever against the Buyer or its officers, directors, shareholders or partners, its property or its successors and assigns or the Acquired Assets, as an alleged successor, to the greatest extent allowable by applicable law, or otherwise, with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against or in the Debtor, its Estate, its officers, directors or shareholders or the Acquired Assets.

12.    Any person or entity that is currently, or on the Closing Date may be, in possession of some or all of the Acquired Assets is hereby directed to surrender possession of such Acquired Assets either to (a) the Trustee before the Closing or (b) to Buyer or its designee upon or after the Closing.

13.    The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor or Trustee arising under or related to the Acquired Assets other than the Assumed Liabilities or as otherwise set forth in the Purchase Agreement.  Without limiting the generality of the foregoing and except as otherwise specifically provided in the Purchase Agreement, the Buyer shall not be liable for any claims against the Debtor or its predecessors or affiliates for any obligations of the Debtor arising prior to the Closing.

14.    The consideration provided by Buyer for the Acquired Assets under the Purchase Agreement is fair and reasonable and may not be avoided.

15.    The transactions are undertaken by Buyer without collusion and in good faith, in accordance with Bankruptcy Code sections 363(m) and 363(n).  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transactions shall

not affect the validity of the sale and transfer of the Acquired Assets to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good-faith purchaser of the Acquired Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m) and other applicable law.

16.    The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's Estate.

17.    The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

18.    To the extent of any conflict between the Purchase Agreement and this Sale Order, then this Sale Order shall govern.

19.    This Sale Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtor (whether known or unknown), any holders of Interests, the Buyer and all successors and assigns of the Buyer, the Trustee, the Debtor and its Estate, and the Acquired Assets; and (b) shall not be subject to rejection.

20.    Each and every federal, state and local governmental agency or department is hereby ~~directed~~ *authorized* to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction.

21.     To the extent that the Buyer is purchasing intellectual property of the Debtor, the Buyer shall not have any claims against any party that has purchased inventory of the Debtor in connection with such party's re-sale or lawful use of such inventory.

22.     Further, to the extent that any of the Acquired Assets are subject to the Logitech License[3] (the "Licensed IP") the Buyer acknowledges and agrees that (i) the purchase of the Licensed IP shall not be free and clear of the interests of Logitech under the Logitech License and (ii) the Licensed IP shall remain subject to the rights and licenses granted to Logitech under the Logitech License.

23.     The fourteen-day stay otherwise imposed by Bankruptcy Rules 6004(h) and 7062 is hereby waived, and this Sale Order shall be effective immediately upon entry.

24.     This Court shall retain jurisdiction to interpret, implement and enforce this Sale Order.

Dated: June **21**, 2017

_____
Honorable Kevin Gross
United States Bankruptcy Judge

212772311v1

---

[3] The Logitech License, as used herein shall mean that certain License Agreement dated as of September 15, 2016 by and among the Debtor and certain of its affiliates on the one hand and Logitech Inc. and certain of its affiliates (collectively, "Logitech") on the other hand.