**<u>EXHIBIT 1</u>**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | |

## STIPULATION GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY
## TO LOGITECH EUROPE S.A. AND ITS AFFILIATES

This stipulation (the "Stipulation") is entered into by and between Logitech Europe S.A. ("Logitech") and David W. Carickhoff, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor"). Logitech and the Trustee hereby stipulate as follows:

A.    On March 30, 2017 (the "Petition Date"), the Debtor filed voluntary a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Trustee is the duly appointed Chapter 7 Trustee of the Estate.

B.    Prior to the Petition Date, Logitech and certain of its affiliates (collectively, the "Buyers") and the Debtor and certain of its affiliates (collectively, the "Sellers") entered into an Asset Purchase Agreement dated September 16, 2016 (the "APA").

C.    In connection with the APA, Logitech and the Debtor also entered into an Escrow Agreement dated September 15, 2016 (the "Escrow Agreement"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Escrow Agreement.

D.    Under the Escrow Agreement, Logitech deposited Escrow Funds in a Tooling Escrow Account and General Escrow Account with an Escrow Agent to be available to satisfy the indemnification obligations of the Sellers, if any, under the APA.

E.    The Tooling Escrow Funds have already been disbursed according to the terms of the Escrow Agreement and APA.  The Escrow Agent continues to hold the General Escrow Funds pursuant to the terms of the Escrow Agreement.

F.    Logitech has presented a General Notice of a General Claim to the Trustee and the Escrow Agent under the terms and procedures set forth in the Escrow Agreement and APA. Following the presentation of the General Notice of a General Claim, the Trustee, on behalf of the Estate, may submit a General Counter Notice disputing the General Claim to Logitech and the Escrow Agent under the terms and procedures set forth in the Escrow Agreement and APA.

G.    In the event that the Trustee presents a General Counter Notice to Logitech and the Escrow Agent, the Escrow Agent cannot disburse any disputed portion of the General Escrow Funds until it receives either (i) joint written instructions from Logitech and the Trustee or (ii) an Order accompanied by a Legal Letter to the effect that such Order is the ruling of either a court of competent jurisdiction or an arbitration or like panel to which the Parties have agreed to submit the relevant matter and is binding for purposes of the Escrow Agreement (the "Escrow Claim Dispute Resolution Process").

H.    Logitech believes that issuance of the General Notice and General Claim is not subject to the automatic stay under section 362(a) of the Bankruptcy Code (the "Automatic Stay").  However, out of an abundance of caution, Logitech and the Trustee have agreed to stipulate that Logitech and the other Buyer Indemnified Parties will be granted relief from the Automatic Stay if and to the extent necessary to present the General Notice and General Claim to

2

the Trustee on behalf of the Estate.  Logitech reserves its position that any related action is a recoupment that is not subject to the Automatic Stay.

I.      To facilitate the prompt and efficient resolution of any dispute concerning the rights of Logitech and/or the other Buyer Indemnified Parties or the Estate to the General Escrow Funds, Logitech and the Trustee have further agreed to stipulate that Logitech will be granted relief from the automatic stay to the extent necessary to initiate, engage in and fully complete the Escrow Claim Dispute Resolution Process under the terms and procedures set forth in the Escrow Agreement and APA, as specifically limited and set forth herein.

NOW, THEREFORE, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT, IT IS HEREBY STIPULATED AND AGREED, by and among Logitech and the Trustee as follows:

1.      Logitech and the other Buyer Indemnified Parties shall be granted relief from the Automatic Stay to the extent necessary to present a General Notice and General Claim to the Trustee and the Escrow Agent.  Nothing herein shall constitute a determination that the Automatic Stay would otherwise apply to such actions.

2.      Further, and as limited by paragraph three (3) hereof, Logitech and the other Buyer Indemnified Parties shall be granted relief from the Automatic Stay to the extent necessary to initiate, engage in and fully complete the Escrow Claim Dispute Resolution Process, including without limitation to commence and prosecute an action against the Estate in the Bankruptcy Court, to final judgment or other final resolution including any appeals, that determines the rights of Logitech and/or the other Buyer Indemnified Parties or the Estate to the General Escrow Funds.

3

3.      Logitech and the other Buyer Indemnified Parties and the Trustee agree that they shall submit any dispute concerning the rights of Logitech and/or the other Buyer Indemnified Parties or the Estate to the General Escrow Funds to the Bankruptcy Court.[1] Notwithstanding the foregoing, solely in the event that the Bankruptcy Court declines to hear any such dispute, the parties may submit such dispute to any other court of competent jurisdiction or an arbitration or like panel to which they may agree in writing.  Logitech and the other Buyer Indemnified Parties do not and shall not be deemed to consent to the jurisdiction of the Bankruptcy Court for any other claim not described in this Stipulation.  The consideration by the Bankruptcy Court of any claims covered by this Stipulation concerning the General Escrow Funds will have no effect upon jurisdiction to consider any other claim and the parties agree not to make any assertion to the contrary.  Likewise, the limited relief from the Automatic Stay provided for herein shall not apply to any other claim asserted by Logitech or the other Buyer Indemnified Parties.

4.      This Stipulation shall be, upon approval by the Bankruptcy Court, binding upon Logitech and the other Buyer Indemnified Parties, the Estate, and the Trustee.

5.      Any actions taken by Logitech and/or the other Buyer Indemnified Parties prior to approval of this Stipulation by the Bankruptcy Court that are otherwise consistent with the terms of this Stipulation shall be deemed to not violate the Automatic Stay and the Automatic Stay shall be annulled for the purposes of such actions.

6.      This Stipulation constitutes the entire agreement between Logitech and the Trustee and supersedes all prior agreements and understandings, both written and oral, between

---

[1]      For the avoidance of doubt, the parties hereby consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution with respect to any dispute concerning the rights of Logitech and/or the other Buyer Indemnified Parties or the Estate to the General Escrow Funds.

4

Logitech and the Trustee with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

7.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective parties and that the respective parties have full knowledge of and have consented to this Stipulation.

8.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9.      This Stipulation may not be amended without the express written consent of Logitech and the Trustee and approval by the Bankruptcy Court.

10.      The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

*[Remainder of page left intentionally blank.]*

Dated:  October 9, 2017

/s/ Alan M. Root
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
E-mail: aroot@archerlaw.com

*Counsel for the Chapter 7 Trustee*

/s/ Michael J. Merchant
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Brett M. Haywood (No. 6166)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7531
Facsimile:  (302) 651-7701

ATTORNEYS FOR LOGITECH
EUROPE S.A.

6

OMM_US:75851566.3