UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC. | Case No. 17-10679 (KG) |
| Debtor. | |
| | Hearing Date: December 21, 2017 at 2:00 p.m. (ET)<br>Objection Deadline: November 20, 2017 at 4:00 p.m. (ET) |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTOR'S ESTATE AND GAMESTOP TEXAS LTD.**

David W. Carickhoff, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor"), hereby moves the Court (this "Motion") for entry of an order (the "Proposed Order") approving a Settlement Agreement (the "Settlement Agreement")[1] by and between the Trustee, on behalf of the Estate, and GameStop Texas Ltd. ("GameStop" and, collectively with the Trustee, the "Parties"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1.　This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　The statutory and legal predicates for the relief sought herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] A copy of the Settlement Agreement is attached hereto as Exhibit A.

## BACKGROUND

3. On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

4. David W. Carickhoff was appointed as chapter 7 trustee of the Debtor's Estate. The section 341(a) meeting of creditors was conducted and concluded on May 10, 2017.

5. Prior to the Petition Date, the Debtor was a global provider of interactive entertainment products, primarily in the gaming industry. The Debtor's products were catered to gamers across multiple platforms including in-home gaming consoles, handheld gaming consoles, computers, smart phones, tablets, and other smart devices.

6. Prior to the Petition Date, the Debtor and GameStop were engaged in a business relationship whereby, among other things, upon submission of purchase orders by GameStop, the Debtor would sell and ship certain product to GameStop and invoice GameStop for the cost of such product.

7. Prior to the Petition Date, the Debtor issued invoices (the "Invoices") to GameStop in the aggregate amount of $953,231.80 plus interest accrued thereon, for certain products provided to GameStop. The Invoices remained unpaid as of the Petition Date.

8. On August 4, 2017, the Trustee issued a demand letter (the "Demand Letter") to GameStop requesting payment of the balance of the amounts owed under the Invoices.

9. GameStop has asserted certain defenses to payment of the Invoices, and has filed a proof of claim (the "Proof of Claim") in the Debtor's chapter 7 case. In particular, and without accounting for potential defenses, Gamestop has asserted that it has offset, credit, and related rights, which substantially reduce any potential liability to the Estate.

10. The Parties have engaged in good faith, arm's-length negotiations and have agreed, so as to avoid the cost, risks, and burdens that would be imposed by litigation, and without admitting any liability, to resolve all issues in connection with the Invoices, and/or any related issues.

## **MATERIAL TERMS OF SETTLEMENT AGREEMENT**

11. Because the Settlement Agreement is attached hereto and is incorporated herein by reference, the Trustee will not repeat every term of the Settlement Agreement in this Motion. However, certain material terms are highlighted below. [2]

   i. <u>Settlement Effective Date</u>. The effective date of the Settlement Agreement shall be the first business day after the order approving this Settlement Agreement becomes final and non-appealable (the "<u>Settlement Effective Date</u>").

   ii. <u>Payment of Settlement Amount by GameStop</u>. Within five (5) days of the Settlement Effective Date, GameStop shall pay to the Trustee, on behalf of the Debtor's estate, $800,000 in full and final satisfaction of GameStop's obligation to the Debtor under the Invoices (the "<u>Settlement Amount</u>");

   iii. <u>Relief from Stay and Authorization to Setoff</u>. Upon Bankruptcy Court approval of the Settlement Agreement, and solely to the extent necessary to effectuate the Settlement Agreement, GameStop shall be granted relief from the automatic stay of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(d), to setoff the amount of the Proof of Claim against the amount set forth in the Invoices, and GameStop is hereby authorized to effectuate such setoff.

   iv. <u>Releases</u>. The Parties have exchanged mutual releases which are effective as of the Settlement Effective Date. Notwithstanding the foregoing, neither Party has waived its right to enforce the Settlement Agreement in accordance with its terms.

   v. <u>Waiver of Proof of Claim</u>. GameStop has agreed that it will waive its Proof of Claim and shall not file any further proofs of claim in the Debtor's bankruptcy case.

---

[2] The description of the Settlement Agreement contained herein is summary in nature only and is not intended to alter or modify any terms of the Settlement Agreement. To the extent that there are any inconsistencies with the Settlement Agreement, the terms of the Settlement Agreement shall control.

vi. <u>Bankruptcy Court Approval</u>.  In the event that (i) the Court does not approve the Settlement Agreement, and/or (ii) GameStop does not pay the Settlement Amount within five (5) days of the Settlement Effective Date as required in Paragraph 3 of the Settlement Agreement, the Settlement Agreement shall be null and void and of no force and effect, and the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if the Settlement Agreement had never been executed (*i.e.*, the setoff shall be undone).

## **RELIEF REQUESTED**

12.     By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto as **Exhibit B**, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement.

13.     Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin),* 91 F.3d 389, 393 (3d Cir. 1996).  In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order… that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

14.     Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *See Martin,* 91 F.3d at 395.  In arriving at the Settlement Agreement, the Trustee was guided by the factors established by relevant case law regarding the reasonableness of such settlements.  These factors include:

    a) the probability of success in litigation;

    b) the complexity, expense and likely duration of the litigation;

    c) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    d) whether the proposed compromise is fair and equitable to the Estate, creditors, and other parties in interest.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (hereinafter referred to as "*TMT*"); *see also Martin*, 91 F. 3d at 393 ("To minimize litigation and expedite the administration of a bankruptcy estate, [c]ompromises are favored in bankruptcy").

15. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT*, 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), *quoting In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991).

16. Here, the Settlement Agreement falls well within the range of reasonableness. The Settlement Agreement fully resolves the disputes between the Parties related to the transactions evidenced by the Invoices on terms favorable to the Debtor's Estate. At the same time, the Settlement Agreement avoids costly, time consuming and uncertain litigation. After analyzing GameStop's defenses, and, in particular, its asserted offset and credit rights, the Trustee believes litigation likely would be fact intensive and expensive, with an uncertain result.

17. In contrast, by this settlement, the Estate will receive $800,000, which equates to a recovery of approximately 85% of the Trustee's demand, without the cost and uncertainty of contested litigation.

18. For these reasons, the Settlement Agreement is reasonable, is in the best interest of the Debtor's Estate and should be approved. *See e.g. In re W.T. Grant Co.*, 699 F.2d

599, 608 (2d Cir. 1983) (courts should only deny a proposed compromise when it "falls below the lowest point in the range of reasonableness.")

**NOTICE**

19.     The Trustee will send a copy of this Motion to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this Chapter 7 Case pursuant to Bankruptcy Rule 2002; (c) counsel for GameStop; and (d) counsel for the Debtor. Such notice is reasonable in light of the circumstances of this Chapter 7 Case and the nature of the relief sought herein.

**NO PRIOR REQUEST**

20.     No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests entry of an order approving the Settlement Agreement and granting related relief.

Dated: November 2, 2017            */s/ S. Alexander Faris*
                                   Alan M. Root (No. 5427)
                                   S. Alexander Faris (No. 6278)
                                   ARCHER & GREINER, P.C.
                                   300 Delaware Avenue, Suite 1100
                                   Wilmington, DE 19801
                                   Telephone: 302-777-4350
                                   Facsimile:  302-777-4352
                                   E-mail: afaris@archerlaw.com

                                   *Counsel for the Chapter 7 Trustee*