# **EXHIBIT A**

# **(SETTLEMENT AGREEMENT)**

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Mad Catz, Inc. (the "Debtor") and GameStop Texas Ltd. ("GameStop" and together with the Trustee, the "Parties" and each a "Party").

## RECITALS

A.      On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtor's bankruptcy estate.

B.      Prior to the Petition Date, the Debtor and GameStop were engaged in a business relationship whereby, among other things, upon submission of purchase orders by GameStop, the Debtor would sell and ship certain product to GameStop, and invoice GameStop for the cost of such product.

C.      Prior to the Petition Date, the Debtor issued invoices (the "Invoices") to GameStop in the aggregate amount of $953,231.80 for certain products and/or services provided to GameStop.

D.      On August 4, 2017, the Trustee issued a demand letter (the "Demand Letter") to GameStop demanding payment of the balance of the amounts owed under the Invoices.

E.      GameStop has asserted certain defenses to payment of the Invoices and has timely filed a proof of claim (the "Proof of Claim") in the Debtor's chapter 7 case.

F.      The Parties have engaged in good faith, arm's-length negotiations and have agreed, so as to avoid the cost, risks, and burdens that would be imposed by further litigation, and without admitting any liability, to resolve all issues in connection with the Invoices and Proof of Claim and/or any related issues on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## AGREEMENT

1.      <u>Incorporation of Recitals</u>.    The foregoing recitals are incorporated herein by reference.

2. *Settlement Effective Date.* The effective date of this Settlement Agreement shall be the first business day after the order approving this Settlement Agreement becomes final and non-appealable (the "Settlement Effective Date").

3. *Payment of Settlement Amount by GameStop.* Within five (5) days of the Settlement Effective Date, GameStop shall pay to the Trustee, on behalf of the Debtor's estate, $800,000.00 in full and final satisfaction of GameStop's obligation to the Debtor under the Invoices (the "Settlement Amount"). The Settlement Amount shall be wired in accordance with the attached instructions.

4. *Relief from Stay and Authorization to Setoff.* Upon Bankruptcy Court approval of this Settlement Agreement, and solely to the extent necessary to effectuate this Settlement Agreement, GameStop shall be granted relief from the automatic stay of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(d), to setoff the amount of the Proof of Claim against the amount set forth in the Invoices, and GameStop is hereby authorized to effectuate such setoff.

5. *Release by the Estate.* Upon the Settlement Effective Date and following the Trustee's receipt of the Settlement Amount, the Debtor's estate, the Trustee (solely in such capacity), and their respective current and future estates, predecessors, successors and assigns hereby conclusively, absolutely, unconditionally, and irrevocably release and forever discharge GameStop and its current and future estates, predecessors, successors and assigns from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, existing or prospective which have accrued from the beginning of time to the date hereof, including but not limited to all causes of action under Chapter 5 of the Bankruptcy Code; *provided that* the foregoing release shall not limit nor be deemed to limit the rights of the Trustee or the Debtor's estate to enforce this Settlement Agreement in accordance with its terms.

6. *Release by GameStop.* Upon the Settlement Effective Date and following the Trustee's receipt of the Settlement Amount, GameStop and its current and future estates, predecessors, successors and assigns hereby conclusively, absolutely, unconditionally, and irrevocably release and forever discharge the Debtor's estate and the Trustee and their respective current and future estates, predecessors, successors and assigns from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, and regardless of whether or not evidenced by a filed proof of claim in the Bankruptcy Case; *provided that* the foregoing release shall not limit nor be deemed to limit the rights of GameStop to enforce this Settlement Agreement in accordance with its terms.

7. *Waiver of Proof of Claim.* Without limiting the generality of the foregoing paragraph six, GameStop hereby waives Proof of Claim No. 48 and agrees that it shall not file any further proofs of claim in the Debtor's bankruptcy case.

8. *Bankruptcy Court Approval.* Promptly after this Settlement Agreement is executed by the Parties, the Trustee will file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. The form and substance of the motion shall be approved

by each of the Parties, such approval not to be unreasonably withheld. The Parties shall each use reasonable efforts to obtain approval of the Settlement Agreement by the Bankruptcy Court. Each of the Parties agrees to support the motion and not to object or support another party's objection thereto. In the event that (i) the Court does not approve this Settlement Agreement, and/or (ii) GameStop does not pay the Settlement Amount within five (5) days of the Settlement Effective Date as required in Paragraph 3 of this Settlement Agreement, the Settlement Agreement shall be null and void and of no force and effect, and the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed (*i.e.*, the setoff shall be undone).

9. Entire Agreement. This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement and discussions. This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10. Construction. No Party shall be deemed the drafter of this Settlement Agreement. The headings herein are solely for the convenience of the Parties and do not form a substantive part of this Agreement. If any term or other provision of this Settlement Agreement is finally held by a court having competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of law or public policy: (i) said term or other provision shall be enforced to the maximum extent allowed and/or reconstrued in order to effect the intent of the Parties as closely as possible; and (ii) all other conditions and provisions of this Agreement not otherwise affected shall nevertheless remain in full force and effect.

11. Representations by the Parties. The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

12. Successors and Assigns. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

13. No Third Party Beneficiaries. Nothing in this Settlement Agreement is intended or shall be construed to give any person, other than the Parties hereto, and their successors and assigns, any legal or equitable right, remedy or claim under or in respect of this Settlement Agreement or any provision contained herein.

14. Authority of Signatories. The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

15. <u>Governing Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

16. <u>Non-Reliance and Construction</u>. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

17. <u>No Admission; Reservation of Rights</u>. The Parties understand and agree that any claim, cause of action or defense that any Party may have against another is disputed, and that the Parties are entering into this Settlement Agreement for the purpose of settling such disputes by compromise in order to avoid further litigation. Neither the execution nor delivery of this Settlement Agreement shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Parties.

18. <u>Further Assurances</u>. The Parties hereby agree promptly to execute and deliver any and all such further instruments and documents and to take all such further actions as may be reasonably required by the other Party to effectuate the terms and conditions of this Settlement Agreement.

19. <u>Costs and Expenses</u>. Each Party agrees to be responsible for and to bear its own costs, expenses and attorneys' fees incurred in connection with the Proof of Claim and the negotiations related to and the preparation of this Settlement Agreement, and not to seek from each other reimbursement of any such costs, expenses and attorneys' fees.

20. <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum. EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ITS RIGHTS TO A JURY TRIAL FOR ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS SETTLEMENT AGREEMENT.

21. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

[*SIGNATURE PAGE FOLLOWS*]

AGREED TO AND APPROVED FOR ENTRY:

Dated: November 2, 2017

**DAVID W. CARICKHOFF, SOLELY IN HIS CAPACITY CHAPTER 7 TRUSTEE OF THE ESTATE OF MAD CATZ, INC.**

By: _/s/_

Name: David W. Carickhoff

Title: Chapter 7 Trustee

Dated: November ___, 2017

**GAMESTOP TEXAS LTD.**

By: _/s/_

Name: Scott Drake

Title: Senior Vice President

213353644v1
213409990v1

{01158492;v1 }
PHIL1 6549530v.2
PHIL1 6577366v.2

5