**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | **Hearing Date: June 29, 2018 @ 10:00 a.m.** |
| | **Objection Deadline: June 22, 2018 @ 4:00 p.m.** |

**SUPPLEMENTAL APPLICATION OF THE CHAPTER 7 TRUSTEE FOR ORDER CLARIFYING AND EXPANDING THE TRUSTEE'S RETENTION OF ARCHER & GREINER, P.C. AS COUNSEL TO THE CHAPTER 7 TRUSTEE**
*NUNC PRO TUNC* **TO MAY 15, 2018**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estate of Mad Catz, Inc. (the "Debtor"), hereby files this supplemental application (the "Supplemental Application") pursuant to sections 327(a), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of a supplemental order expanding and clarifying the Trustee's retention of Archer & Greiner, P.C. ("Archer"), as counsel, effective as of May 15, 2018. In support hereof, the Trustee relies on the Supplemental Affidavit of Alan M. Root in support of this Supplemental Application (the "Supplemental Root Affidavit"), and respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Supplemental Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are sections 327(a), 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

**BACKGROUND**

2.  On March 31, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3.  The Trustee was subsequently appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

4.  On April 28, 2017, the Trustee filed his *Application of the Chapter 7 Trustee for Order Authorizing Retention of Archer & Greiner, P.C. as Counsel to the Chapter 7 Trustee Nunc Pro Tunc to March 31, 2017* [Dkt. No. 15] (the "Original Application"). The Original Application provided that Archer would provide general legal services to the Trustee and bill at its normal hourly rates (the "General Bankruptcy Services"). The Court entered an Order approving the Original Application on May 31, 2017 [Dkt. No. 45] (the "Original Retention Order").

**RELIEF REQUESTED**

5.  By this Supplemental Application, pursuant to sections 327(a), 328(a), and 330 of the Bankruptcy Code, the Trustee seeks entry of an order (the "Supplemental Retention Order") expanding and clarifying the retention of Archer as counsel to assist the Trustee with the investigation, prosecution, and resolution of potential causes of action under chapter 5 of the Bankruptcy Code (the "Avoidance Claims") and related matters on a contingency fee basis *nunc pro tunc* to May 15, 2018.

18.  The services Archer may be required to render for the Trustee under this Supplemental Application with respect to the Avoidance Claims include, without limitation, all legal services for the Trustee that may be necessary and proper relevant to the investigation, prosecution (if necessary), and resolution of Avoidance Claims, including, but not limited to, the

assertion or disposition of claims in connection with any demand or complaint brought with respect to the Avoidance Claims (collectively, the "Avoidance Action Services").

19. The Supplemental Retention Order shall govern the terms of Archer's retention solely with respect to the Avoidance Action Services. The Original Retention Order shall continue to govern the terms of Archer's retention with respect to the General Bankruptcy Services.

## BASIS FOR RELIEF REQUESTED

20. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10. Pursuant to section 327(a) of the Bankruptcy Code, a chapter 7 trustee may employ an attorney to represent or assist the chapter 7 trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

11. As set forth in the Original Application, the Trustee believes that Archer possesses extensive knowledge and expertise in the areas of law relevant to this case. More specifically, the Trustee believes that Archer is well qualified to serve as counsel in connection with the Trustee's pursuit of the Avoidance Claims. Archer is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings, particularly with respect to the representation of debtors, creditors' committees, and chapter 7 trustees. In connection therewith, Archer has prosecuted and defended numerous avoidance actions in a variety of different chapter 11 and chapter 7 cases.

12. The Court has already made a finding in connection with the Original Application that Archer is disinterested. However, to support the Court's prior finding, as set forth in the Supplemental Root Affidavit, Archer has searched its computerized conflicts system for all parties against whom an Avoidance Claim may be asserted. Based upon the conflict search and records, Archer does not represent any party against whom an Avoidance Claim may be asserted, other than as disclosed in the Supplemental Root Affidavit.

## TERMS OF COMPENSATION

**A.    Contingency Fees**

13. The Trustee has determined, solely in connection with the Avoidance Action Services, and not in connection with the General Bankruptcy Services, that Archer should be compensated on a contingency fee basis.[1] Such a fee arrangement is permitted by section 328(a) of the Bankruptcy Code. As set forth in the Supplemental Root Affidavit, Archer has agreed to the market rates proposed by the Trustee. Specifically, Archer's compensation in connection with the Avoidance Action Services will be as follows (the "Contingency Fee Schedule"):

(a) Pre-Suit: Archer shall earn legal fees on a contingency basis equal to **15%** of the cash value of any recoveries from a potential defendant of an Avoidance Claim after Archer issues a demand letter but prior to filing an adversary proceeding against such potential defendant.

(b) Post-Suit: Archer shall earn legal fees on a contingency basis equal to **25%** of the cash value of any recoveries from an Avoidance Action defendant after Archer files an adversary proceeding but prior to obtaining a judgment in connection therewith.

(c) Post-Judgment: Archer shall earn legal fees on a contingency basis equal to **30%** of the cash value of any recoveries from an Avoidance Action defendant after Archer obtains a judgment against such defendant.

---

[1] Archer will continue to be compensated on an hourly basis for General Bankruptcy Services, pursuant to the terms of the Original Retention Order.

4

14. Additionally, Archer's contingency fees will be earned only to the extent recoveries are obtained by the Debtor's estate with respect to Avoidance Claims. Recoveries are obtained only after an underlying settlement is approved by this Court pursuant to Bankruptcy Rule 9019 or, absent settlement, upon payment of a judgment entered by this Court.

**B.      Expenses**

15. The Trustee has agreed to reimburse Archer for reasonable out-of-pocket expenses incurred in connection with the Avoidance Action Services. These expenses include, but are not limited to, costs of obtaining and/or maintaining necessary records; adversary, appellate, and other court filing fees; mediation fees; deposition expenses; entity name/officer verifications at $10.00 per entity; service of process (for writs, etc.); travel expenses; photocopying at 10 cents per page; postage, and telephone charges; and witness fees and costs.

16. Finally, the Trustee has agreed, subject to the Court's approval of this Supplemental Application, that Archer shall not be responsible for any expert witness fees and expenses. Retained experts (if necessary to prove insolvency and/or to rebut objective defense industry experts) are to be separately employed and paid for by the Debtor's estate, and are not considered part of this retention.

**C.      Payment of Contingency Fees and Reimbursement of Expenses**

17. In connection with the Avoidance Action Services, Archer will file interim fee applications identifying the amounts collected and its relevant contingency fee and detail of the expenses incurred for which reimbursement is sought. In the interim fee applications, Archer will not submit the type of detailed time records generally required from professionals seeking compensation under section 330 of the Bankruptcy Code and Del. Bankr. L. R. 2016-2(d).

18. Additionally, Archer will file a final fee application with respect to the Avoidance Action Services. Archer's final fee application will be subject to and comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including Local Rule 2016-2; provided however that Archer hereby requests authority to keep time records in 0.5 hour increments. Archer's final fee application will be subject to review pursuant to section 330 of the Bankruptcy Code.

19. The Trustee requests that the compensation arrangement outlined herein with respect to the Avoidance Action Services be approved, and that the Trustee be authorized to compensate Archer as set forth herein on an interim basis as an ongoing administrative expense of the estate and from the recoveries made by Archer. As noted above, the Trustee seeks to retain Archer to perform the Avoidance Action Services pursuant to a contingency fee schedule, such that Archer's contingency fees will be earned only to the extent recoveries are obtained by the Debtor's estate with respect to Avoidance Claims.

20. For the avoidance of doubt, Archer will continue to be compensated for General Bankruptcy Services on an hourly basis and solely in accordance with the terms of the Original Application and the Original Retention Order. Archer will continue to file interim and final fee applications for General Bankruptcy Services in accordance with the terms of the Original Application and the Original Retention Order.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee requests entry of an order, substantially in the form attached hereto, clarifying and expanding the scope of Archer's retention as counsel to the Trustee in this case *nunc pro tunc* to May 15, 2018, and granting such other and further relief as may be just and proper.

Dated: June 7, 2018

                                                         DAVID W. CARICKHOFF
                                                       Chapter 7 Trustee

7