**EXHIBIT A**

*In re Mad Catz, Inc., Debtor*
*Chapter 7 - Case No. 17-10679-KG*
*United States Bankruptcy Court for the District of Delaware*

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### I.
### PARTIES

This SETTLEMENT AGREEMENT ("Agreement") is entered into as of August 22, 2018, between DAVID W. CARICKHOFF (the "Trustee"), solely in his capacity as Chapter 7 trustee of the bankruptcy estate of Mad Catz, Inc., a Delaware corporation (the "Debtor") and not in any individual capacity, on the one hand, and U&I ENTERTAINMENT, LLC, a Minnesota limited liability company ("U&I"), on the other hand. The Trustee and U&I may each be referred to herein as a "Party" and collectively as the "Parties." This Agreement is based on the following facts:

### II.
### RECITALS

WHEREAS, on or about March 30, 2017, the Debtor filed a petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 17-10679-KG (the "Bankruptcy Case"); and

WHEREAS, the Trustee is the duly appointed, qualified, and acting Chapter 7 Trustee of the estate ("Estate") of the Debtor pursuant to 11 U.S.C. § 701; and

WHEREAS, the Debtor and U&I are parties to various contracts (collectively, the "Contracts"), including but not limited to (i) that certain Distribution Agreement dated as of June 11, 2015; (ii) that certain Distribution Agreement dated as of June 29, 2016; and (iii) that certain Purchase Agreement dated as of July 29, 2016; and

WHEREAS, a dispute has arisen as to the amount owed by U&I to the Debtor under the Contracts (the "Dispute"); and

WHEREAS, the Parties now seek to settle, compromise and resolve the Dispute and other issues among them on the terms set forth herein;

NOW THEREFORE, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Agreement, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

## III.
## AGREEMENT

1.      Recitals Incorporated.  The foregoing recital paragraphs are incorporated herein by reference and agreed to by the Parties as if fully set forth at length.

2.      Settlement.

a.      Settlement Payment.  Simultaneously with execution of this Agreement, U&I agrees to pay to the Trustee a total amount of Two-Hundred Thousand Dollars (US $200,000.00) (the "Settlement Payment").  The Settlement Payment shall by paid by check made payable to "David W. Carickhoff, Chapter 7 Trustee of Mad Catz, Inc." and shall be held by the Trustee in escrow until the Effective Date (as defined herein) of this Agreement.

b.      Termination of Contracts.  As of the Effective Date, the Parties agree that the Contracts shall be deemed terminated, and, notwithstanding anything to the contrary in the Contracts, and except for payment by U&I of the Settlement Payment, the Parties shall have no further obligations or liability to each other under the Contracts.

3.      Bankruptcy Court Approval and Effective Date of Agreement.  The Parties acknowledge that this Agreement is subject to Bankruptcy Court approval.  As soon as reasonably possible after full execution of this Agreement, the Trustee shall file a motion (the "Motion") with the Bankruptcy Court for entry of an Order approving the terms of this Agreement.  The date upon which an Order entered by the Bankruptcy Court approving this Agreement becomes a final, non-appealable order, shall be referred to as the "Effective Date." In the event that the Bankruptcy Court does not approve the Motion, this Agreement shall be null and void and of no force and effect against either of the Parties, any part of the Settlement Payment that has been paid shall be returned to U&I without interest, and the Parties shall be returned to their respective positions as existed immediately prior to execution of this Agreement, as if this Agreement had never been executed.

4.      Releases.

a.      By Trustee.  Except for the obligations contained in or reserved by this Agreement, and on condition that U&I timely make the Settlement Payment, as of the Effective Date, the Trustee, on behalf of himself and the Estate, hereby releases, remises and forever discharges (i) U&I, and its successors, attorneys and assigns (collectively, the "U&I Released Parties") from any and all claims, demands, debts, liabilities, contracts, obligations, attorneys' fees, costs, accounts, torts, causes of action or claims for relief of whatever kind or nature, under any theory or body of law, whether known or unknown, whether suspected or unsuspected by him ("Claims"), which he may have or which may hereafter arise, be asserted or accrue against the U&I Released Parties, including but not limited to any Claims arising from, by reason of, or in any way connected with the Contracts; and (ii) U&I's members, officers, governors, agents and representatives (the "U&I Related Released Parties") from any and all Claims which he may have or which may hereafter arise, be asserted or accrue against the U&I Related Released Parties, arising from, by reason of, or in any way connected with the Contracts.

- 2 -

b.     <u>By U&I</u>.  Except for the obligations contained in or reserved by this Agreement, as of the Effective Date, U&I, on behalf of itself and its successors and assigns, releases and discharges the Trustee, Debtor and the Estate and their respective successors and assigns, representatives and attorneys (the "Trustee Released Parties"), from any and all Claims that it has or may have against the Trustee Released Parties, including but not limited to (i) any Claims arising from, by reason of, or in any way connected with the Contracts; (ii) any claim under Section 502(h) of the Bankruptcy Code; and (iii) any claim filed or that could have been filed in the Bankruptcy Case.

c.     The releases contained herein apply to all such Claims which the releasing Parties now have or which may hereafter arise, as a result of acts or omissions occurring before the date of this Agreement, whether or not known or suspected by them.  The releasing Parties hereby expressly acknowledge that although ordinarily a general release does not extend to Claims which the releasing party does not know or suspect exist in its favor, which if known might have materially affected their settlement with the party released, the releasing Parties have carefully considered and taken into account in determining to enter into this Agreement the possible existence of such unknown losses or Claims, the releases contained herein having been bargained for between the Parties with knowledge of the possibility of such unknown Claims, and given in exchange for the promises of the Parties set forth herein.

5.     <u>Non-Admission of Liability.</u>  Liability for any claims that the Trustee has asserted are denied by U&I.  Liability for any claims U&I has asserted are denied by the Trustee.  This Agreement is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any Party.

6.     <u>Miscellaneous.</u>

a.     <u>Integration</u>. This Agreement shall constitute the complete agreement of the Parties hereto with respect to the subject matters referred to herein and supersede all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every kind or nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. Each of the Parties understands that in the event of any subsequent litigation, controversy or dispute concerning any terms, conditions or provisions of this Agreement, neither Party shall be permitted to offer or introduce any oral evidence concerning any other oral promises or oral agreements between the Parties relating to the subject matters of this Agreement not included or referred to herein and not reflected by a writing incorporated herein. This Agreement cannot be amended, modified, or supplemented except by a written document signed by all Parties hereto.

b.     <u>Severability</u>.  Each part of this Agreement is intended to be severable. If any term, covenant, condition or provision hereof is unlawful, invalid, or unenforceable for any reason whatsoever, and such illegality, invalidity, or unenforceability does not affect the remaining parts of this Agreement, then all such remaining parts hereof shall be valid and enforceable and shall have full force and effect as if the invalid or unenforceable part had not been included.

c.     <u>Rules of Construction.</u>

- 3 -

      i.      The headings contained in this Agreement are inserted only as a matter of convenience, and in no way define, limit, extend or interpret the scope of this Agreement or of any particular article or section.

      ii.      Unless the context otherwise requires, singular nouns and pronouns, when used herein, shall be deemed to include the plural of such noun or pronoun, pronouns of one gender shall be deemed to include the equivalent pronoun of the other gender and references to a particular section shall be deemed to mean the particular section of this Agreement and any exhibit attached hereto.

      iii.      The Parties hereto have participated jointly in the negotiation and drafting of this Agreement. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties hereto and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provisions of this Agreement.

      d.      <u>No Third-Party Beneficiaries; Binding Effect</u>. No person, organization or association other than the Parties shall have any rights or claims under this Agreement. Notwithstanding same, this Agreement shall be binding upon and shall inure to the benefit of the respective Parties hereto and their respective heirs, estates, successors and assigns.

      e.      <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall constitute an original. This Agreement, to the extent signed and delivered by means of a facsimile machine or other electronic transmission, shall be treated in all manner and respects and for all purposes as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

      f.      <u>Authority of Parties.</u> Each of the Parties warrants that it is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any Party represents and warrants that he/she has full authority to do so.

      g.      <u>Choice of Law.</u> This Agreement shall be governed by the laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule or regulation that would result in the application of any other state's law.

      h.      <u>Jurisdiction.</u> The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court to resolve any disputes or controversies between the Parties hereto arising from or related to this Agreement. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accordance with relevant rules.

      i.      <u>Attorneys' Fees and Costs</u>. In the event that legal action is instituted between the Parties to enforce this Agreement, including any default hereunder, the prevailing Party shall be entitled to recover from the losing Party all costs and expenses of litigation,

including, without limitation, court costs and reasonable attorneys' fees and any costs incurred in pursuing or defending such litigation.

j.    <u>Waiver.</u>  The Parties agree that no breach of any provision hereof can be waived except in writing.  The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.  Failure to enforce any provision hereof shall not be deemed a waiver of any obligations set forth herein.

k.    <u>Advice of Counsel.</u>  Each of the Parties hereto represents to each other Party hereto that it has discussed or has had the opportunity to discuss this Agreement with counsel of its choice and is fully aware of the legal consequences and effects of and has knowingly agreed to the provisions hereof.

l.    <u>Further Assurances.</u>  The Parties agree to perform all such other acts and execute, deliver and record all such documents as are necessary to implement this Agreement.

m.    <u>Tax Consequences.</u>  Each Party agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit such Party received pursuant to this Agreement, such Party will be solely responsible for paying their share of such taxes.  The Parties make no representations or warranties to each other regarding the legal effect or tax consequences of this Agreement.  Each Party further expressly acknowledges that it neither received nor relied upon any tax advice from any other Party or their representatives and attorneys.

n.    <u>Arm's Length Agreement.</u>  Each of the Parties to this Agreement agrees and acknowledges that this Agreement has been negotiated in good faith, at arm's length, and not by any means forbidden by law.

o.    **<u>WAIVER OF JURY TRIAL</u>.  THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EACH MAY HAVE TO A TRIAL BY JURY OF ANY DISPUTE ARISING UNDER OR RELATING TO THIS AGREEMENT AND AGREE THAT ANY SUCH DISPUTE SHALL BE TRIED BEFORE A JUDGE SITTING WITHOUT A JURY.**

**[SIGNATURES BEGIN ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, the Parties have executed this Agreement, as of the date first above written.

U&I ENTERTAINMENT, LLC

By:_____

Print Name: Martin Hawk

Title: CEO

_____

DAVID W. CARICKHOFF,
CHAPTER 7 TRUSTEE

214826786v2