# **EXHIBIT A**

# **(SETTLEMENT AGREEMENT)**

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Mad Catz, Inc. (the "Debtor") and Wal-Mart Stores, Inc. ("Wal-Mart" and together with the Trustee, the "Parties" and each a "Party").

## RECITALS

A.   On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtor's bankruptcy estate.

B.   Prior to the Petition Date, the Debtor and Wal-Mart were engaged in a business relationship whereby, among other things, upon submission of purchase orders by Wal-Mart, the Debtor would sell and ship certain product to Wal-Mart, and invoice Wal-Mart for the cost of such product.

C.   Prior to the Petition Date, the Debtor purports to have issued invoices (the "Invoices") to Wal-Mart in the aggregate amount of $856,339.40 for certain products and/or services provided to Wal-Mart.

D.   On August 4, 2017, the Trustee issued a demand letter (the "Demand Letter") to Wal-Mart demanding payment of the balance of the amounts owed under the Invoices.

E.   Wal-Mart has asserted certain defenses to payment of the Invoices and since issuing the Demand Letter, the Parties have exchanged numerous documents and have spent substantial time and effort reconciling and analyzing the amounts owed under the Invoices.

F.   Wal-Mart has timely filed a proof of claim (the "Proof of Claim"), assigned claim number 38, in the Debtor's chapter 7 case. The Proof of Claim provides that the amount of Wal-Mart's claim against the Debtor's estate is "Undetermined-contingent."

G.   The Parties have engaged in good faith, arm's-length negotiations, and have agreed, so as to avoid the cost, risks, and burdens that would be imposed by further litigation, and without admitting any liability, to resolve all issues in connection with the Invoices and/or any related issues on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

1

## AGREEMENT

1. <u>Incorporation of Recitals</u>. The foregoing recitals are incorporated herein by reference.

2. <u>Settlement Effective Date</u>. The effective date of this Settlement Agreement shall be the first business day after (the "<u>Settlement Effective Date</u>") the order approving this Settlement Agreement becomes final and non-appealable.

3. <u>Payment of Settlement Amount by Wal-Mart</u>. Within five (5) business days after the occurrence of the Settlement Effective Date, Wal-Mart shall pay to the Trustee, on behalf of the Debtor's estate, $540,000.00 in full and final satisfaction of Wal-Mart's obligation to the Debtor under the Invoices (the "<u>Settlement Amount</u>"). The Settlement Amount will be paid by a check (the "<u>Settlement Amount Check</u>") to be mailed to the Trustee.

4. <u>Release by the Estate</u>. Upon the clearing of the Settlement Amount Check, the Debtor's estate, the Trustee (solely in such capacity), and their respective current and future estates, predecessors, successors and assigns hereby conclusively, absolutely, unconditionally, and irrevocably release and forever discharge Wal-Mart and its current and future estates, predecessors, successors and assigns from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, existing or prospective which have accrued from the beginning of time to the date hereof, including but not limited to all causes of action under Chapter 5 of the Bankruptcy Code; <u>provided</u> <u>that</u> the foregoing release shall not limit nor be deemed to limit the rights of the Trustee or the Debtor's estate to enforce this Settlement Agreement in accordance with its terms.

5. <u>Release by Wal-Mart</u>. Upon the clearing of the Settlement Amount Check, Wal-Mart and its current and future estates, predecessors, successors and assigns hereby conclusively, absolutely, unconditionally, and irrevocably release and forever discharge the Debtor's estate and the Trustee and their respective current and future estates, predecessors, successors and assigns from any and all claims, duties, demands, suits, obligations, costs, causes of action, damages, losses, rights, and liability of any nature, whether known, unknown, or suspected, and regardless of whether or not evidenced by a filed proof of claim in the Bankruptcy Case; <u>provided</u> <u>that</u> the foregoing release shall not limit nor be deemed to limit the rights of Wal-Mart to enforce this Settlement Agreement in accordance with its terms.

6. <u>Waiver of Proof of Claim</u>. Without limiting the generality of the foregoing paragraph five, upon the clearing of the Settlement Amount Check, the Proof of Claim shall be deemed disallowed and shall be expunged from the claims register in the Debtor's bankruptcy case. Upon reasonable request of the Trustee, Wal-Mart agrees to file a notice of withdrawal of claim with the Bankruptcy Court, solely to the extent necessary to formally adjust the claims register as an administrative matter.

7. <u>Bankruptcy Court Approval</u>. Promptly after this Settlement Agreement is executed by the Parties, the Trustee will file a motion with the Bankruptcy Court seeking approval of the Settlement Agreement. The Parties shall each use reasonable efforts to obtain

approval of the Settlement Agreement by the Bankruptcy Court. Each of the Parties agrees to support the motion and not to object or support another party's objection thereto. In the event that (i) the Bankruptcy Court does not approve this Settlement Agreement, and/or (ii) the Settlement Amount Check is not received by the Trustee or does not clear the Trustee's bank account, the Settlement Agreement shall be null and void and of no force and effect, and the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed.

8. <u>Entire Agreement</u>. This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement and discussions. This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

9. <u>Construction</u>. No Party shall be deemed the drafter of this Settlement Agreement. The headings herein are solely for the convenience of the Parties and do not form a substantive part of this Agreement. If any term or other provision of this Settlement Agreement is finally held by a court having competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of law or public policy: (i) said term or other provision shall be enforced to the maximum extent allowed and/or reconstrued in order to effect the intent of the Parties as closely as possible; and (ii) all other conditions and provisions of this Agreement not otherwise affected shall nevertheless remain in full force and effect.

10. <u>Representations by the Parties</u>. The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

12. <u>No Third Party Beneficiaries</u>. Nothing in this Settlement Agreement is intended or shall be construed to give any person, other than the Parties hereto, and their successors and assigns, any legal or equitable right, remedy or claim under or in respect of this Settlement Agreement or any provision contained herein.

13. <u>Authority of Signatories</u>. The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

14. <u>Governing Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

15. <u>Non-Reliance and Construction</u>. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

16. <u>No Admission; Reservation of Rights</u>. The Parties understand and agree that any claim, cause of action or defense that any Party may have against another is disputed, and that the Parties are entering into this Settlement Agreement for the purpose of settling such disputes by compromise in order to avoid further litigation. Neither the execution nor delivery of this Settlement Agreement shall constitute an admission of any wrongdoing or liability whatsoever on the part of any of the Parties.

17. <u>Further Assurances</u>. The Parties hereby agree promptly to execute and deliver any and all such further instruments and documents and to take all such further actions as may be reasonably required by the other Party to effectuate the terms and conditions of this Settlement Agreement.

18. <u>Costs and Expenses</u>. Each Party agrees to be responsible for and to bear its own costs, expenses and attorneys' fees incurred in connection with the Proof of Claim and the negotiations related to and the preparation of this Settlement Agreement, and not to seek from each other reimbursement of any such costs, expenses and attorneys' fees.

19. <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum. EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ITS RIGHTS TO A JURY TRIAL FOR ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS SETTLEMENT AGREEMENT.

20. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement

Agreement as of the date(s) set forth below.

Dated: August____, 2018

**DAVID W. CARICKHOFF, SOLELY IN HIS CAPACITY CHAPTER 7 TRUSTEE OF THE ESTATE OF MAD CATZ, INC.**

By:_____

Name: David W. Carickhoff

Title: Chapter 7 Trustee

Dated: August____, 2018

**WAL-MART STORES, INC.**

By: *Max Bachman*   9/21/18

Name: MAX BACHMAN

Title: Sr. Director II, Process Lead AR & AP

214958064v2
215139397v1

5

Agreement as of the date(s) set forth below.

Dated: ~~August~~ Sept 21, 2018

**DAVID W. CARICKHOFF, SOLELY IN HIS CAPACITY CHAPTER 7 TRUSTEE OF THE ESTATE OF MAD CATZ, INC.**

By: _[signature]_

Name: David W. Carickhoff

Title: Chapter 7 Trustee

Dated: August ____, 2018

**WAL-MART STORES, INC.**

By: _____

Name: _____

Title: _____

214958064v2
215139397v1

5