## IN THE UNITED STATES BANKRUPTCY COURT
## OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | **Hearing Date: June 14, 2019 at 11:00 a.m.**<br>**Objection Deadline: June 3, 2019 at 4:00 p.m.** |

### CHAPTER 7 TRUSTEE'S FIRST OMNIBUS MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019

David W. Carickhoff, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor") hereby moves this Court for entry of an Order Approving Settlements of Avoidance Claims Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

### JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### BACKGROUND

3.      On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.      The Trustee was subsequently appointed as chapter 7 trustee of the Debtor's Estate pursuant to section 701(a) of the Bankruptcy Code.

5.      In accordance with his duties under the Bankruptcy Code, the Trustee has reviewed the Debtor's financial books and records and investigated certain causes of action. After reviewing the Debtor's books and records, the Trustee identified certain parties (the "Potential Defendants") who may have received avoidable transfers during the 90 days prior to the Petition Date (the "Preference Period").

6.      Thereafter, the Trustee, through his retained counsel Archer & Greiner, P.C. ("Archer"), sent demand letters to the Potential Defendants.

7.      Archer received responses to the demand letters from some of the Potential Defendants, and ultimately entered into written settlement agreements, subject to this Court's approval, with three of the Potential Defendants (the "Settling Parties") without filing suit against them.

## SETTLEMENT DETAILS

8.      The Trustee and each of the Settling Parties conducted negotiations concerning the Trustee's demand.  The negotiations were conducted at arm's length and in good faith.  The Settling Parties asserted defenses which the Trustee has analyzed.  The settlements with the Settling Parties total $71,500.  The details of these settlements are summarized below.[1]

**A.      Pegasus Logistics Group Inc.**

9.      On September 5, 2018, Archer sent a demand letter to Pegasus Logistics Group Inc. ("Pegasus") on behalf of the Trustee asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Pegasus pursuant to Bankruptcy Code sections 547 and 550 alleged

---

[1] For efficiency purposes, the actual settlement agreements are not attached hereto.  The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Settling Parties.  In the event that there are any inconsistencies between this summary and the actual terms of any settlement agreement, the language in set forth in that settlement agreement shall control.

preferential transfers made during the Preference Period in a total amount of not less than $184,227.26.

10.     Pegasus responded to the demand letter and engaged in settlement negotiations with the Trustee.  Pegasus raised substantial defenses and arguments, including, but not limited to, an ordinary course of business defense and new value defense.  The new value defense alone reduced Pegasus' exposure to approximately $92,000.00.  After analyzing the defenses raised by Pegasus, the parties resolved the matter such that Pegasus will pay the Trustee $67,500.00 in settlement.  Additionally, Pegasus will waive its right to assert a claim against the Debtor's Estate under 11 U.S.C. § 502(h).

**B.     Public Special Inc.**

11.     On September 5, 2018, Archer sent a demand letter to Public Special, Inc. ("Public Special") on behalf of the Trustee asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Public Special pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made during the Preference Period in a total amount of not less than $8,189.44.

12.     Public Special responded to the demand letter and engaged in settlement negotiations with the Trustee.  Public Special raised substantial defenses and arguments, including, but not limited to, an ordinary course of business defense.  After analyzing the defenses, the parties resolved the matter such that Public Special will pay the Trustee $2,000.00 in settlement.  Additionally, Public Special will waive its right to assert a claim against the Debtor's Estate under 11 U.S.C. § 502(h).

### C.    Staff Holdings Inc.

13.    On September 5, 2018, Archer sent a demand letter to Staff Holdings Inc. ("Staff Holdings") on behalf of the Trustee asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Staff Holdings pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made during the Preference Period in a total amount of not less than $20,553.75.

14.    Staff Holdings responded to the demand letter and engaged in settlement negotiations with the Trustee. After considering arguments raised by Staff Holdings, including an assertion that it was winding down its business and had very limited assets, the parties resolved the matter such that Staff Holdings will pay the Trustee $2,000.00 in settlement of the Avoidance Claim.  Additionally, Staff Holdings will waive its right to assert a claim against the Debtor's Estate under 11 U.S.C. § 502(h).

### RELIEF REQUESTED

15.    By this Motion, the Trustee seeks approval of the settlement agreements with each of the Settling Parties as described herein.

16.    Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision.  Id. at 395.

17.    In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised

against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In

striking this balance, the Court should consider "(i) the probability of success in the litigation;

(ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the

expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the

creditors." Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the

sound discretion of the Bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont.

1995).

18.     Moreover, settlements should be approved if they fall above the lowest point on

the continuum of reasonableness.  "[The] responsibility of the bankruptcy judge…is not to

decide the numerous questions of law and fact raised by the appellants but rather to canvass the

issues and see whether the settlement fall[s] below the lowest point in the range of

reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned

Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849,

851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed

settlement).  Thus, the question is not whether a better settlement might have been achieved or a

better result reached if litigation pursued.  Instead, the court should approve settlements that meet

a minimal threshold of reasonableness.  Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994);

In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

19.     A review of the relevant factors demonstrates that the settlements with each of the

Settling Parties should be approved.  The Trustee and his professionals have invested time and

effort in analyzing the transfers made to the Settling Parties during the Preference Period.

Similarly, the Trustee considered any defenses asserted by the Settling Parties (including any

analyses provided by the Settling Parties) and engaged in good faith, arms' length negotiations

with each of the Settling Parties. The resultant settlements take into account both asserted defenses as well as the costs and benefits associated with engaging in time consuming, expensive and uncertain litigation.

20.    The Trustee respectfully submits that the compromises reached with each of the Settling Parties are fair, reasonable, and in the best interest of the Debtor's Estate and creditors. The Trustee likewise believes the settlements and compromises are founded on the exercise of sound business judgment by the Trustee.

## NOTICE

21.    Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002; and (c) each of the Settling Parties or their counsel. Such notice is reasonable in light of the circumstances of this chapter 7 case and the nature of the relief sought herein.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlements with each of the Settling Parties  and granting such other and further relief as the Court deems just and equitable.

Dated:  May 3, 2019

**ARCHER & GREINER, P.C.**

*/s/ S. Alexander Faris*
Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
300 Delaware Ave., Suite 1100
Wilmington, DE  19801
Telephone:  (302) 777-4350
Facsimile:   (302) 777-4352
Email:  afaris@archerlaw.com

*Attorneys for the Chapter 7 Trustee*

216183070v2

7