## IN THE UNITED STATES BANKRUPTCY COURT
## OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAD CATZ, INC.,<br><br>　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 17-10679 (KG)<br><br>**Hearing Date: October 15, 2019 at 11:00 a.m.**<br>**Objection Deadline: October 11, 2019 at 4:00 p.m.** |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estate of MAD CATZ, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MODE TRANSPORTATION, LLC,<br><br>　　　　　　　　　　　　Defendant. | Adv. No. 19-50181 (KG) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estate of MAD CATZ, INC.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SMITH TRANSPORTATION SERVICES INC.,<br><br>　　　　　　　　　　　　Defendant. | Adv. No. 19-50183 (KG) |

### CHAPTER 7 TRUSTEE'S SECOND OMNIBUS MOTION
### FOR AN ORDER APPROVING SETTLEMENTS OF
### AVOIDANCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019

David W. Carickhoff, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the

"Estate") of the above-captioned debtor (the "Debtor") hereby moves this Court for entry of an

Order Approving Settlement Agreements Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3.      On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.      The Trustee was subsequently appointed as chapter 7 trustee of the Debtor's Estate pursuant to section 701(a) of the Bankruptcy Code.

5.      In accordance with his duties under the Bankruptcy Code, the Trustee has reviewed the Debtor's financial books and records and investigated certain causes of action. After reviewing the Debtor's books and records, the Trustee identified certain parties (the "Potential Defendants") who may have received avoidable transfers during the 90 days prior to the Petition Date (the "Preference Period").

6.      Thereafter, the Trustee, through his retained counsel Archer & Greiner, P.C. ("Archer"), sent demand letters to the Potential Defendants.

7.      In March 2019, the Trustee commenced adversary proceedings against the Potential Defendants (the "Avoidance Actions").  By the Avoidance Actions, the Trustee is

seeking, *inter alia*, to avoid and recover, pursuant to Bankrutpcy Code sections 547, 548 and 550 alleged preferential transfers made during the Preference Period and certain alleged fraudulent transfers.

8.    Since the filing of the Avoidance Actions, subject to Bankruptcy Court approval, the Trustee has settled the above-captioned Avoidance Actions with the defendants thereto (the "Settling Defendants").  The settlements with the Settling Defendants total $16,500.  The details of these settlements are summarized below.[1]

## SETTLEMENT DETAILS

9.    The Trustee and the Settling Defendants conducted negotiations concerning the demand made by the Trustee by way of complaint in the Avoidance Actions.  The negotiations were conducted at arm's length and in good faith.  The Settling Defendants asserted defenses which the Trustee has analyzed.

**A.    Mode Transportation, LLC (Adv. Pro. No. 19-50181)**

10.    On March 27, 2019, the Trustee filed a complaint against Mode Transportation, LLC ("Mode Transportation"), asserting, *inter alia*, that he is entitled to avoid and recover from Mode Transportation, pursuant to Bankruptcy Code sections 547, 548 and 550, for alleged preferential and fraudulent transfers made during the Preference Period in a total amount of not less than $114,480.39.

11.    The Trustee and Mode Transportation conducted negotiations concerning the Trustee's demand.  The negotiations were conducted at arm's length and in good faith.  Mode Transportation asserted defenses, which the Trustee has analyzed, including (a) a substantial new

---

[1] The terms of each Settlement Agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable Settlement Agreement with each of the Settling Parties. In the event that there are any inconsistencies between this summary and the actual terms of any Settlement Agreement, the language as set forth in that Settlement Agreement shall control.

value defense which greatly reduces Mode Transportation's exposure down to approximately $30,500, and (b) a defense that the transfers at issue were made in the ordinary course of the Debtor's business.

12.    Accordingly, following good faith, arms'-length negotiations by and among the Parties, and the Trustee's review and analysis of the relevant documents provided by Mode Transportation, the Parties have agreed to settle and compromise their claims among each other on the terms more fully set forth in the Settlement Agreement (the "Mode Transportation Settlement Agreement") and summarized below:

> (i)    Effective Date.  The Mode Transportation Settlement Agreement shall become effective upon (i) the entry by the Bankruptcy Court of an order approving the terms thereof; and (ii) the Trustee's receipt of the Mode Transportation Settlement Amount in full (as defined below) (the "Mode Transportation Settlement Effective Date").
>
> (ii)    Payment to Trustee by Defendant. Mode Transportation shall pay to the Trustee the sum of $9,000 (the "Mode Transportation Settlement Amount").
>
> (iii)    Releases/Waivers.  The Parties shall exchange mutual releases, from any and all claims related to the Transfers.  Mode Transportation also waives the right to file or assert any claim under section 502(h) of the Bankruptcy Code.

**A.    Smith Transportation Services Inc. (Adv. Pro. No. 19-50183)**

13.    On March 27, 2019, the Trustee filed a complaint against Smith Transportation Services Inc. ("Smith Transportation"), asserting, *inter alia*, that he is entitled to avoid and recover from Smith Transportation pursuant to Bankruptcy Code sections 547, 548 and 550 for alleged preferential and fraudulent transfers made during the Preference Period in a total amount of not less than $157,167.39.

14.    The Trustee and Smith Transportation, on behalf of itself and its affiliates, conducted negotiations concerning the Trustee's demand.  The negotiations were conducted at

arm's length and in good faith.  Smith Transportation asserted defenses, which the Trustee has analyzed, including (a) a substantial new value defense that would bring Smith Transportation's exposure down to less than $10,000, and (b) a defense that the transfers at issue were made in the ordinary course of the Debtor's business.

15.     Accordingly, following good faith, arms'-length negotiations by and among the Parties, and the Trustee's review and analysis of the relevant documents provided by Smith Transportation, the Parties have agreed to settle and compromise their claims among each other on the terms more fully set forth in the Settlement Agreement (the "Smith Transportation Settlement Agreement") and summarized below:

(i)     Effective Date.  The Smith Transportation Settlement Agreement shall become effective upon (i) the entry by the Bankruptcy Court of an order approving the terms thereof; and (ii) the Trustee's receipt of the Smith Transportation Settlement Amount in full (as defined below) (the "Smith Transportation Settlement Effective Date").

(ii)    Payment to Trustee by Defendant. Smith Transportation shall pay to the Trustee the sum of $7,500 (the "Smith Transportation Settlement Amount")

(iii)   Releases/Waivers.  The Parties shall exchange mutual general releases, which include Smith Transportation and its affiliates and each of their past and present directors, managers, officers, employees, agents, predecessors, assigns, equityholders, partyers and subsidiaries, including Post Smith Holdings, LLC, Post Smith Acquisitions LLC, Blackjack Express, Inc., Cargo Transportation Services, Inc., Cargo-West, Inc., and Smith-Cargo Transportation LLC, effective as of the Smith Transportation Settlement Effective Date.  Smith Transportation also waives the right to file or assert any claim under section 502(h) of the Bankruptcy Code.

**RELIEF REQUESTED**

16.     By this Motion, the Trustee seeks approval of the Settlement Agreements with the Settling Defendants as described herein.

17.     Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

18.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

19.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); In re Planned Protective Servs., Inc., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a

6

better result reached if litigation pursued.  Instead, the court should approve settlements that meet a minimal threshold of reasonableness.  Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994); In re Tech. for Energy Corp., 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

20.    A review of the relevant factors demonstrates that the settlement reached with each of the Settling Defendants should be approved.  The Trustee and his professionals have invested time and effort in analyzing the transfers made to the Settling Defendants.  Similarly, the Trustee considered any defenses asserted by the Settling Defendants and any analyses provided by the Settling Defendants.  The resultant settlements take into account both asserted defenses as well as the costs and benefits associated with engaging in time consuming, expensive and uncertain litigation.

21.    The Trustee respectfully submits that the compromise reached with the Settling Defendants is fair, reasonable, and in the best interest of the Debtor's estate and its creditors. The Trustee likewise believes the settlement is founded on the exercise of his sound business judgment.

## NOTICE

22.    Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002; and (c) counsel for the Settling Defendants.  Such notice is reasonable in light of the circumstances of this chapter 7 case and the nature of the relief sought herein.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## <u>CONCLUSION</u>

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlements with Mode Transportation and Smith Transportation and granting such other and further relief as the Court deems just and equitable.

Dated:  September 27, 2019　　　　　**ARCHER & GREINER, P.C.**

　　　　　　　　　　　　　　　　*/s/ Alan M. Root*　　　　　　　
　　　　　　　　　　　　　　　　Alan M. Root (No. 5427)
　　　　　　　　　　　　　　　　300 Delaware Ave., Suite 1100
　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　Telephone:  (302) 777-4350
　　　　　　　　　　　　　　　　Facsimile:   (302) 777-4352
　　　　　　　　　　　　　　　　Email:  aroot@archerlaw.com

　　　　　　　　　　　　　　　　*Attorneys for the Chapter 7 Trustee*

217116555v1