## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (KG) |
| Debtor. | Hearing Date: 12/9/19 @ 11:00 a.m. (ET)<br>Objection Deadline: 11/19/19 @ 4:00 p.m. (ET) |

### FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE) OF THE CHAPTER 7 TRUSTEE [FORMER EMPLOYEE CLAIMS]

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Mad Catz Inc. (the "Debtor") hereby files this omnibus objection (the "Objection") to proofs of claim filed by certain former employees against the Debtor's estate, as set forth on **Exhibits 1 and 2** annexed to the proposed order (the "Proposed Order") submitted herewith (collectively, the "Former Employee Claims").

In support of this Objection, the Trustee submits the Declaration of Bradley T. Giuliano, a copy of which is attached hereto as **Exhibit A** and incorporated herein by reference, and respectfully represents as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(B) & (O).

2. The statutory predicates for the relief requested herein is section 502 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

**A.    General Background**

3.    On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.    David W. Carickhoff has been appointed as chapter 7 trustee of the Estate pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded on May 10, 2017.

5.    Prior to ceasing operations, the Debtor was a global provider of interactive entertainment products, primarily in the gaming industry. The Debtor catered its products to gamers across multiple platforms including in-home gaming consoles, handheld gaming consoles, computers, smart phones, tablets, and other smart devices.

6.    The last day to file proofs of claim was August 24, 2017, pursuant to a notice provided by the Court on May 23, 2017 [Docket No. 32].

**B.    The Former Employee Claims**

7.    The Former Employee Claims consist of two categories of claims: (i) the claims of certain of the Debtor's former executives (the "Executive Claims"), and (ii) claims of other former non-executive employees (the "Non-Executive Claims").

8.    Each Former Employee Claim asserts a claim for unpaid severance based upon such employee's termination immediately prior to the Petition Date. Each of the Executive Claims assert severance is due pursuant to such executive's employment agreement (the "Executive Employment Agreements").[1] It is unclear to the Trustee on what basis the non-executive former employees believe they are entitled to severance pay.

---

[1] The former executives each attach their Employment Agreement to their respective proof of claim.

## **RELIEF REQUESTED AND THE BASIS THEREFOR**

9. The Trustee seeks entry of an order, pursuant to Bankruptcy Code section 502: (i) reducing the Executive Claims and disallowing that portion which exceeds the statutory cap of section 502(b)(7) of the Bankruptcy Code, and (ii) disallowing the Non-Executive Claims in their entirety for the reasons set forth below.

**A.    The Executive Claims Should be Reduced as Required by Section 502(b)(7) of the Bankruptcy Code**

3. Section 502(b)(7) of the Bankruptcy Code reduces the amount of the Executive Claims because it acts as a cap on the "claim[s] of an employee for damages resulting from the termination of an employment contract." 11 U.S.C. 502(b)(7). Pursuant to section 502(b)(7), the cap is set at

> (A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
>
>   (i) the date of the filing of the petition; or
>   (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
>
> (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

11 U.S.C. § 502(b)(7).

4. Section 502(b)(7) "was designed to limit the claims of key executives who had been able to negotiate contracts with very beneficial terms." *Protarga*, *v. Nigel L. Webb and Five Palms Corp., Ltd. (In re Protarga, Inc.),* 329 B.R. 451, 465 (Bankr. D. Del. 2005) (quoting *In re Cincinnati Cordage & Paper Co.*, 271 B.R. 264, 269 (Bankr. S.D. Ohio 2001)). In particular, section 502(b)(7) caps executive severance claims to "the compensation provided by [the employment] contract, without acceleration, for one year . . . [plus] any unpaid compensation due under [the] contract, without acceleration." *In re VeraSun Energy Corp.*, 467 B.R. 757, 763

(Bankr. D. Del. 2012). Accordingly, where the severance benefits of an employment contract exceeds the "compensation" provided for the one year period, the latter controls. *Protarga*, 329 B.R. at 465.

3. Here, the Executive Claims each assert claims for unpaid severance under the Executive Employment Agreements as a result of termination. Accordingly, the cap in section 502(b)(7) of the Bankruptcy Code applies to each of the Executive Claims.

4. The Trustee, with the assistance of his advisors, has reviewed each of the Executive Claims and has determined that each exceeds the section 502(b)(7) cap. **Exhibit 1** to the Proposed Order sets forth the correct amount of each Executive Claim, as capped by section 502(b)(7) (the "Reduced Executive Claims"). The Reduced Executive Claims each consist of one year's base salary and one year of medical, dental and vision premiums combined.

5. Accordingly, the Court should enter an Order reducing each of the Executive Claims consistent with **Exhibit 1** to the Proposed Order.

**B.    The Non-Executive Claims Should be Disallowed**

6. The Non-Executive Claims should be disallowed as (i) they lack supporting documentation to provide a basis for a valid claim for severance, and (ii) the Trustee, with the assistance of his advisors, has reviewed the Debtor's books and records and is not aware of any written severance program for non-executive employees.

7. To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure. *In re Planet Hollywood Int'l*, 274 B.R. 391, 395 (Bankr. D. Del. 2001). The claimants asserting the Unsupported Claims failed to allege any facts to support their

claims and, therefore, their claims are not *prima facie* valid and should be disallowed in full. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

8.  Each Non-Executive Claim is based exclusively upon unpaid severance. However, none of the Non-Executive Claims attach any documentation that would support the contention that non-executive employees of the Debtor were entitled to severance. To the contrary, the Trustee, with the assistance of his advisors, reviewed the Debtor's books and records and did not find any written severance policy, other than for executives pursuant to the Employment Agreements. In particular, the Debtor's employee manual makes no reference to any severance policy and, to the best of the Trustee's knowledge, none of the non-executive employees were employed pursuant to an employment contract. Absent evidence of an applicable severance policy, the Non-Executive Claims must be disallowed in full.[2]

## RESERVATION OF RIGHTS

16.  The Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtor. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves his right to object to the Former Employee Claims on any other ground that bankruptcy and non-bankruptcy law permits.

## COMPLIANCE WITH LOCAL RULE 3007-1

17.  To the best of the Trustee's knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Trustee

---

[2] Moreover, even if some sort of severance plan existed, the Non-Executive Claims do not provide sufficient detail to determine whether the Non-Executive Claims were correctly calculated and/or whether the asserted priority for such claim is correct   . The Trustee reserves the right to argue that the Non-Executive Claims are overstated and/or are asserted in an incorrect priority.

believes such deviations are not material and respectfully request that any such requirement be waived.

## NOTICE

18. A copy of the Objection has been served upon: (i) the United States Trustee for the District of Delaware, and (ii) each of the holders of the Former Employee Claims. A copy of the Notice was also served on all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002. Such notice is reasonable in light of the circumstances of this chapter 7 case and the nature of the relief sought herein.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) sustaining the Objection; (b) granting the relief requested in the Objection; and (c) granting such other and further relief as the Court deems just and proper.

Dated: October 23, 2019

 */s/ Alan M. Root*
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
Telephone: (302) 356-6621
Facsimile: (302) 777-4352
Email: aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*