IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAD CATZ, INC.,<br><br>　　　　　　Debtor. | Chapter 7<br><br>Case No. 17-10679 (LSS)<br><br>**Hearing Date: October 28, 2021 @ 11:00 a.m. (ET)**<br>**Objection Deadline: October 11, 2021 @ 4:00 p.m. (ET)** |

**CHAPTER 7 TRUSTEE'S SECOND OMNIBUS OBJECTION TO CLAIMS PURSUANT TO 11 U.S.C. §§ 502(b) AND 726 AND FED. R. BANKR. P. 3001, 3002 AND 3007 AND LOCAL RULE 3007-1 [RECLASSIFY, LATE FILED, AND NO BACKUP CLAIMS]**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor"), hereby files this objection (the "Objection") pursuant to 11 U.S.C. §§ 502(b) and 726, Rules 3001, 3002 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to certain claims asserted by various parties (the "Alleged Claimants") listed on **Exhibits A, B & C** annexed to the proposed order (the "Proposed Order") submitted herewith (collectively, the "Disputed Claims"). In support of this Objection, the Trustee submits his declaration, a copy of which is attached hereto as **Exhibit 1** and is incorporated herein by reference. In further support of this Objection, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The predicates for the relief requested herein are sections 502(b) and 726 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3001, 3002, and 3007 and Local Rule 3007-1.

## BACKGROUND

3. On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. David W. Carickhoff has been appointed as chapter 7 trustee of the Estate pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded on May 10, 2017.

5. Prior to ceasing operations, the Debtor was a global provider of interactive entertainment products, primarily in the gaming industry. The Debtor catered its products to gamers across multiple platforms including in-home gaming consoles, handheld gaming consoles, computers, smart phones, tablets, and other smart devices.

6. The last day to file proofs of claim was August 24, 2017 (the "Bar Date"), pursuant to a notice provided by the Court on May 23, 2017 [Docket No. 32].

## RELIEF REQUESTED AND THE BASIS FOR RELIEF

7. The Trustee seeks entry of an order pursuant to Bankruptcy Code sections 502(b) and 726, Bankruptcy Rules 3001, 3002, and 3007, and Local Rule 3007-1 reclassifying, subordinating or reducing the Disputed Claims listed on **Exhibits A, B & C** attached to the Proposed Order, as more fully set forth below and on such Exhibits.

**Exhibit A – Reclassify Claims**

8. The Disputed Claims listed in **Exhibit A** to the Proposed Order (the "Reclassify Claims") assert that such claims are entitled to secured or priority status under the Bankruptcy Code. The Trustee's professionals have reviewed the Reclassify Claims, the related supporting

2

documentation provided by each applicable claimant, if any, and have determined that such Reclassify Claims do not contain a valid basis for treatment as a secured or priority claim under the relevant provisions of the Bankruptcy Code and/or applicable non-bankruptcy law. A further explanation of the basis for the proposed reclassification of such Reclassify Claims is set forth on **Exhibit A** to the Proposed Order in the column titled "Reason for Reclassification."

9. For the reasons set forth on **Exhibit A** to the Proposed Order, the Reclassify Claims should be reclassified as set forth on **Exhibit A**. If the Reclassify Claims are not reclassified as set forth on **Exhibit A**, the holders of such claims would receive improper secured or priority status and a greater recovery than such claimants would otherwise be entitled to, thereby prejudicing other creditors.

**Exhibit B – Late Filed Claims**

10. The Disputed Claims listed in **Exhibit B** to the Proposed Order (the "Late Filed Claims") are general unsecured claims which were filed after the Bar Date of August 24, 2017.

11. The Bar Date serves as a statute of limitations in order to achieve the important purpose of finality. *See In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007; *Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a `drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations after which the claimant loses all of her right to bring an action against the 'debtor.'"). It is important that a trustee have finality with respect to claims in order to be able to efficiently make distributions to creditors. To that end, in chapter 7 cases, section726(a) of the Bankruptcy Code subordinates late filed general unsecured claims to all timely filed general unsecured claims. *See* 11 U.S.C. § 726(a)(3).

12. Because the Late Filed Claims each were filed after the Bar Date, the Trustee requests that the Late Filed Claims be subordinated to all timely filed general unsecured claims, consistent with section 726(a)(3) of the Bankruptcy Code.

**Exhibit C – No Backup Claim**

13. The Disputed Claim listed in **Exhibit C** to the Proposed Order (the "No Backup Claim") is a claim which lacks any supporting documentation. To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is *prima facie* valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." *In re Planet Hollywood Int'l*, 274 B.R. 391, 395 (Bankr. D. Del. 2001). However, where a claimant fails to allege sufficient facts, or attach sufficient documentation from which to glean those facts, its claim cannot be afforded *prima facie* validity, and is subject to disallowance upon objection, at least with respect to the unsupported portion of the claim. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

14. Here, the claimant asserting the No Backup Claim failed to allege any facts or attach any documentation to support the claim. Therefore, as set forth on **Exhibit C**, the No Backup Claim must be reduced and the amount of the No Backup Claim exceeding the scheduled claim amount for the claimant must be disallowed.

**FILING AND SERVICE OF RESPONSES**

15. To contest this Objection, the Alleged Claimants must file with the Court, and serve on the undersigned counsel to the Trustee, a written response to the Objection (a "Response") so that it is **RECEIVED NO LATER THAN 4:00 P.M. (ET) ON OCTOBER 11, 2021**. **All Alleged Claimants should read the Proposed Order and its attached exhibits carefully as their rights may be impacted.  A Disputed Claim may be listed on one or more of the exhibits attached to the Proposed Order.  As such, a Disputed Claim may subject to more than one objection.**

16. A Response must address *each ground* upon which the Trustee objects to the relevant Disputed Claim(s). In addition, if any Alleged Claimant timely files a written Response and wishes to oppose the Objection, such Alleged Claimant must attend the hearing scheduled to be held on **October 28, 2021 at 11:00 a.m. (ET).**

17. Contents of Response. A Response to the Objection must contain, at a minimum, the following:

    a. a caption setting forth the name of the Bankruptcy Court, the name of the Debtor, the case number and the title of the Objection to which the Response is directed;

    b. the name of the Alleged Claimant and description of the basis for the amount of the Disputed Claim;

    c. a concise statement setting forth the reasons why the Disputed Claim should not be reclassified, subordinated or reduced, as applicable. Any such statement must include the specific factual and legal bases upon which the Alleged Claimant will rely in opposing the Objection;

    d. all documentation or other evidence in support of the Disputed Claim, not previously filed with the Bankruptcy Court with the Alleged Claimant's claim, upon which the Alleged Claimant will rely in opposing the Objection at the Hearing; and

    e. the name, address, telephone number and fax number of the person(s) (which may be the Alleged Claimant or his/her/its legal representative) to whom counsel for the Trustee should serve a reply to the Response and who possesses authority to reconcile, settle, or otherwise resolve the Objection to the Disputed Claim on behalf of the Alleged Claimant.

18. Timely Response Required. If any Alleged Claimant fails to file and serve a timely Response, the Trustee will present to the Bankruptcy Court an order sustaining the Objection(s) to the Disputed Claim(s) of such Alleged Claimant without a hearing or further notice to the Alleged Claimant.

19. Service Address. If a Response contains an address for the Alleged Claimant that is different from the address shown on the Disputed Claim, the address in the Response shall constitute

the service address for future service of papers upon the Alleged Claimant until the Trustee's counsel receives written notice of a change of address from the Alleged Claimant or the Alleged Claimant's counsel.

## REPLIES TO RESPONSES

20. The Trustee may, at his option, file and serve a reply to any Response in accordance with the Local Rules of the Bankruptcy Court.

## ADJOURNMENT OF HEARING

21. The Trustee reserves the right to seek an adjournment of the Hearing on any Response to the Objection. In the event that the Trustee seeks such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the Alleged Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

22. The Trustee expressly reserves the right to amend, modify or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtor. Moreover, the Trustee reserves his right to object to any of the Disputed Claims on any other ground not asserted herein that bankruptcy and non-bankruptcy law permits.

## FURTHER INFORMATION

23. Questions about or requests for additional information about the proposed disposition of the Disputed Claims hereunder should be directed to the Trustee's counsel in writing as follows: Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1100 Wilmington, Delaware 19801 (Attn: Alan M. Root, Esq.). **Alleged Claimants should not contact the Clerk of the Court to discuss the merits of the Disputed Claims or this Objection**.

## COMPLIANCE WITH LOCAL RULES

24. The undersigned certifies that he has made reasonable best efforts, based on the facts and circumstances of this case and the nature of the Disputed Claims, to substantially comply with Local Rule 3007-1. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Trustee respectfully requests that such deviations be waived.

## NOTICE

25. A copy of the Objection has been served upon: (i) the United States Trustee for the District of Delaware and (ii) the Alleged Claimants. A copy of the Notice and **Exhibits A, B & C** was served on the 2002 service list maintained in this case. The Trustee submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court grant this Objection, enter the Proposed Order attached hereto, and grant such other and further relief as is just and proper.

Dated: September 21, 2021      /s/ *Alan M. Root*
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
(302) 777-4350 - Telephone
(302) 777-4352 - Facsimile
E-mail: aroot@archerlaw.com

*Counsel for Chapter 7 Trustee*