## **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (LSS) |
| Debtor. | **Re: Dkt. Nos. 245 & 270** |

**ORDER APPROVING STIPULATION RESOLVING PROOF OF**
**CLAIM NO. 43 FILED ON BEHALF OF MAD CATZ INTERACTIVE ASIA LTD**

This Court having considered the *Stipulation Resolving Proof of Claim No. 43 Filed on Behalf of Mad Catz Interactive Asia Ltd* (the "Stipulation"); and the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further notice of the Stipulation must be given; it is hereby ORDERED that:

1. The Stipulation attached hereto as Exhibit 1 is hereby Approved.

2. The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Stipulation and (ii) resolve any disputes arising under or in connection with the Stipulation. Furthermore, the Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

222028269v1

## **Exhibit 1**

Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (CSS) |
| Debtor. | **Re: Dkt. Nos. 245 & 270** |

**STIPULATION RESOLVING PROOF OF CLAIM NO. 43**
**FILED ON BEHALF OF MAD CATZ INTERACTIVE ASIA LTD.**

This *Stipulation* is made by and between: (i) David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor") and (ii) the Joint and Several Liquidators (the "Liquidators") of Mad Catz Interactive Asia Limited ("MCIA"). The Trustee and the Liquidators are referred to herein as the "Parties."

## RECITALS

A.    On March 30, 2017 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Trustee has been appointed as trustee of the Estate pursuant to Bankruptcy Code section 701(a).

B.    On or about March 30, 2017, MCIA, an affiliate of the Debtor registered under the laws of Hong Kong, passed a certain shareholders resolution authorizing that MCIA be voluntarily wound up pursuant to Companies (Winding Up and Miscellaneous Provisions) Ordinance. The Liquidators were appointed as the joint and several liquidators of MCIA.

C.    On August 15, 2017, the Liquidators filed a proof of claim in the Debtor's bankruptcy case on behalf of MCIA, and such claim was assigned claim no. 43 (the "Proof of

Claim"). The Proof of Claim asserts a general unsecured claim in the amount of $15,150,639.81[1] on the basis of "goods sold."

D.      On October 23, 2019, the Trustee filed an Objection to the Proof of Claim [Dkt. No. 245] (the "Claim Objection"). By the Claim Objection, among other things, the Trustee sought to have the Proof of Claim modified and reduced to $768,169.54, the amount set forth in the Debtor's books and records.

E.      On September 2, 2020, the Liquidators filed a response to the Claim Objection on behalf of MCIA [Dkt. No. 270] (the "Response"). In the Response, the Liquidators set forth bases they allege support the asserted claim amount of $15.1 million. The Trustee and his professionals have analyzed the Response.

F.      Both prior and subsequent to the filing of the Claim Objection and Response, the Trustee and the Liquidators have exchanged documentation and arguments in support of their respective positions and have engaged in substantial good faith, arm's-length negotiations in an attempt to resolve the Proof of Claim. Such settlement is also supported by the approval obtained from MCIA's Committee of Inspection. As a result, the Trustee and the Liquidators have entered into this Stipulation which, subject to Bankruptcy Court approval, resolves all disputes between the Parties with respect to the Proof of Claim, the Claim Objection and the Response.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows:

---

[1] All dollar amounts set forth herein are in United States Dollars ($USD).

**STIPULATION**

1.    <u>Incorporation of Recitals</u>.    The foregoing Recitals are incorporated herein by reference.

2.    <u>Stipulation Effective Date</u>. This Stipulation shall be effective only after it is (i) executed by each of the Parties and (ii) approved by an Order of the Bankruptcy Court (the "<u>Stipulation Effective Date</u>").

3.    <u>Claim Reduction and Allowance</u>.  Upon the Stipulation Effective Date, and without need for further action by the Parties, the Proof of Claim shall be deemed modified and reduced such that MCIA shall have a fully liquidated and allowed general unsecured, non-priority claim in the amount of $1,750,000.00 (the "<u>Allowed Claim</u>").  Other than the Allowed Claim, neither the Liquidators nor MCIA shall have any other claims of any amount or priority against the Debtor or the Estate and any such claims are expressly waived and released.

4.    <u>Withdrawal of Claim Objection and Response</u>.  Upon the Stipulation Effective Date, the Claim Objection and the Response shall be deemed withdrawn.

5.    <u>Enforcement of Stipulation</u>.  Upon the Stipulation Effective Date, the Parties shall have the right to enforce this Stipulation in accordance with its terms.

6.    <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Stipulation may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

7.    <u>Representations by the Parties</u>.  The Parties acknowledge that they are entering into this Stipulation knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties represent and acknowledge that they have conferred with

3

and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Stipulation and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

8.    <u>Successors and Assigns</u>.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

9.    <u>Authority of Signatories</u>.  The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority to do so.  Without limiting the generality of the foregoing, the Liquidators represent and warrant that they have the authority to execute this Stipulation on behalf of MCIA and bind MCIA to the terms of this Stipulation. The Liquidators enter into this Stipulation acting as the agents of and for MCIA without personal liability whatsoever under this Stipulation and join in this Stipulation in their personal capacities solely for the purpose of receiving the benefit of exclusions of liability and acknowledgements in their favour contained in this Stipulation.

10.    <u>Governing Law</u>.  This Stipulation shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

11.    <u>Non-Reliance and Construction</u>.  The Parties have decided to execute this Stipulation based on information developed independently and not in reliance on representations of any other party and have consulted with or had the opportunity to consult with counsel of their choosing.  The Parties agree that each of them has had a full opportunity to participate in the

4

drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

12.    <u>Jurisdiction</u>.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation.  Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any other forum.

13.    <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

*[Signature Page(s) to Follow]*

IN WITNESS WHEREOF, the Parties have each approved and executed this Stipulation as of the date(s) set forth below.

Dated:  September 24, 2021                    Dated:  September _____, 2021

**DAVID W. CARICKHOFF, SOLELY IN HIS**        **THE JOINT AND SEVERAL LIQUIDATORS**
**CAPACITY AS CHAPTER 7 TRUSTEE FOR**         **OF MAD CATZ INTERACTIVE ASIA**
**THE ESTATE OF MAD CATZ, INC.**              **LIMITED**

By: _/s/ Alan M. Root_                        By: _____
Alan M. Root, Esq. (No. 5427)
Archer & Greiner, P.C.                        Name: Choon Onn Chin
300 Delaware Ave., Suite 1100
Wilmington, DE  19801                         Title:   Joint and Several Liquidator_____
                                                       who acts as an agent of the Company
_Counsel to the Chapter 7 Trustee_                     without personal liability_____

221815326v2

6

IN WITNESS WHEREOF, the Parties have each approved and executed this Stipulation as of the date(s) set forth below.

Dated:  September _____, 2021

**DAVID W. CARICKHOFF, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF MAD CATZ, INC.**

By: */s/ Draft*
Alan M. Root, Esq. (No. 5427)
Archer & Greiner, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE  19801

*Counsel to the Chapter 7 Trustee*

Dated:  September __24__, 2021

**THE JOINT AND SEVERAL LIQUIDATORS OF MAD CATZ INTERACTIVE ASIA LIMITED**

By: _____

Name: Choon Onn Chin

Title:  Joint and Several Liquidator_____
          who acts as an agent of the Company
          without personal liability_____

221815326v2

6