## Exhibit 1

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAD CATZ, INC.,<br><br>                Debtor. | Chapter 7<br><br>Case No. 17-10679 (CSS) |

## STIPULATION RESOLVING PROOF OF CLAIM NO. 46
## FILED BY TPP 212 SCRIPPS, LLC

This *Stipulation* is made by and between: (i) David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Mad Catz, Inc. (the "Debtor") and (ii) TPP 212 Scripps, LLC ("Claimant" and together with the Trustee, the "Parties").

## **RECITALS**

A.      On March 30, 2017 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Trustee has been appointed as trustee of the Estate pursuant to Bankruptcy Code section 701(a).

B.      On August 18, 2017, Claimant filed a proof of claim in the Debtor's bankruptcy case and such claim was assigned claim no. 46 (the "Proof of Claim"). The Proof of Claim asserts an aggregate claim of $364,938.40, in connection with amounts allegedly owed under a pre-petition lease. The Proof of Claim asserts that (i) $57,501.61 of the asserted claim is secured by a pre-petition security deposit held by Claimant (the "Security Deposit"), (ii) $90,302.85 of the asserted claim is entitled to administrative priority under section 507(a)(2) of the Bankruptcy Code and (iii) the balance of the asserted claim is a general unsecured claim.

C.  Subsequent to the filing of the Proof of Claim, Claimant has asserted that the claim amount should be increased to $375,482.54 to reflect actual (as opposed to estimated) CAM charges, taxes and insurance (the "Asserted Claim Amount").[1]  The Trustee has reviewed the Proof of Claim and has asserted certain informal objections to the Proof of Claim, including as to the asserted administrative priority status of a portion thereof.

D.  The Parties have engaged in good faith, arm's-length negotiations and have agreed, so as to avoid the cost, risks, and burdens that would be imposed by litigation, to resolve all issues regarding the Proof of Claim.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## STIPULATION

1.  Incorporation of Recitals.  The foregoing Recitals are incorporated herein by reference.

2.  Stipulation Effective Date. This Stipulation shall be effective only after it is (i) executed by each of the Parties and (ii) approved by an Order of the Bankruptcy Court (the "Stipulation Effective Date").

3.  Application of Security Deposit to Asserted Claim Amount.  Upon the Stipulation Effective Date, Claimant shall have relief from the automatic stay under section 362 of the Bankruptcy Code, solely to apply the Security Deposit to the Asserted Claim Amount, such that the Asserted Claim Amount will be reduced to $318,080.93

---

[1] The Asserted Claim Amount is within the statutory cap of section 502(b)(6) of the Bankruptcy Code.

4. <u>Allowance of Reduced General Unsecured Claim</u>.  Upon the Stipulation Effective Date, and without need for further action by the Parties, Claimant shall have a fully liquidated and allowed general unsecured, non-priority claim in the amount of $318,080.93 (the "<u>Allowed Claim</u>").  Other than the Allowed Claim, Claimant shall have no other claims of any amount or priority against the Debtor or the Estate and any such claims are expressly waived and released.

5. <u>Enforcement of Stipulation</u>.  Upon the Stipulation Effective Date, the Parties shall have the right to enforce this Stipulation in accordance with its terms.

6. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Stipulation may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

7. <u>Representations by the Parties</u>.  The Parties acknowledge that they are entering into this Stipulation knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Stipulation and all matters covered by or related to its subject matter.  The Parties declare that they fully understand all of the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

8. <u>Successors and Assigns</u>.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

9. <u>Authority of Signatories</u>.  The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority to do so.

10. <u>Governing Law</u>.  This Stipulation shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

11. <u>Non-Reliance and Construction</u>.  The Parties have decided to execute this Stipulation based on information developed independently and not in reliance on representations of any other party and have consulted with or had the opportunity to consult with counsel of their choosing.  The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

12. <u>Jurisdiction</u>.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation.  Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any other forum.

13. <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

5

IN WITNESS WHEREOF, the Parties have each approved and executed this Stipulation as of the date(s) set forth below.

| | |
|---|---|
| Dated: September 9, 2021 | Dated: September 16, 2021 |
| **DAVID W. CARICKHOFF, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF MAD CATZ, INC.** | **TPP 212 SCRIPPS, LLC** |
| By: */s/ Alan M. Root* <br> Alan M. Root, Esq. (No. 5427) <br> Archer & Greiner, P.C. <br> 300 Delaware Ave., Suite 1100 <br> Wilmington, DE  19801 | By: John Mearns <br><br> Name: John Mearns <br><br> Title: Vice President |
| *Counsel to the Chapter 7 Trustee* | |

221963594v1