**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (LSS) |
| Debtor. | **Re: Dkt. No. 287** |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Upon the Motion of David W. Carickhoff, chapter 7 trustee ("Trustee") for the estate ("Estate") of the captioned debtor ("Debtor"), requesting the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with the Trustee's fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED.

2. The Purchase Agreement and all of its terms and conditions are approved.

3. The Bidding Procedures are approved.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

6. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the

Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Oak Point with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

222165928v1

**Dated: October 26th, 2021**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE