# IN THE UNITED STATES BANKRUPTCY COURT
# OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (LSS) |
| Debtor. | **Hearing Date: To be Heard with TFR**<br>**Objection Deadline: TBD** |

**FIRST AND FINAL (CONTINGENT FEE MATTERS) APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ARCHER & GREINER, P.C., AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE PERIOD MAY 15, 2018 TO DECEMBER 31, 2019**

| | |
|---|---|
| Name of applicant: | Archer & Greiner, P.C. |
| Authorized to Provide Professional Services To: | Chapter 7 Trustee |
| Date of Retention for Contingent Fee Matters: | June 27, 2018, *nunc pro tunc* to May 15, 2018 |
| Period for which Compensation and Reimbursement is Sought: | May 15, 2018 to December 31, 2019 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $17,850.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $86.87 |

This is a(n):   ___ monthly   ___ interim   _X_ final application

i

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| n/a | | | | | |

**SUMMARY OF RECOVERIES SUBJECT TO THIS APPLICATION**

| Avoidance Action Recoveries– 1st Omnibus 9019 Motion [Dkt. No. 210] | | |
|---|---|---|
| **Matter** | **Recovery** | **15% of Recovery (pre-suit)** |
| Pegasus Logistics Group Inc. | $67,500.00 | $10,125.00 |
| Public Special Inc. (Public Worldwide Inc.) | $2,000.00 | $300.00 |
| Staff Holdings Inc. | $2,000.00 | $300.00 |
| **Subtotal** | **$71,500.00** | **$10,725.00** |

| Avoidance Action Recoveries – McMillan 9019 Motion [Dkt. No. 220] | | |
|---|---|---|
| **Matter** | **Recovery** | **15% of Recovery (pre-suit)** |
| McMillan LLP | $20,000.00 | $3,000.00 |
| **Subtotal** | **$20,000.00** | **$3,000.00** |

| Avoidance Action Recoveries – 2nd Omnibus 9019 Motion [Dkt. No. 239] | | |
|---|---|---|
| **Matter** | **Recovery** | **25% of Recovery (post-suit)** |
| Mode Transportation LLC | $9,000.00 | $2,250.00 |
| Smith Transportation Services | $7,500.00 | $1,875.00 |
| **Subtotal** | **$16,500.00** | **$4,125.00** |
| **Total Amount of Avoidance Action Recoveries** | **$108,000.00** | **$17,850.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| In-House Photocopying | | $17.80 |
| Postage | | $45.52 |
| Delivery Services/Messengers | Federal Express | $23.55 |
| **Total Expenses** | | **$86.87** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**OF THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| MAD CATZ, INC., | Case No. 17-10679 (LSS) |
| Debtor. | **Hearing Date: To be Heard with TFR**<br>**Objection Deadline: TBD** |

**FIRST AND FINAL (CONTINGENT FEE MATTERS) APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ARCHER & GREINER, P.C., AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE PERIOD MAY 15, 2018 TO DECEMBER 31, 2019**

Pursuant to sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Archer & Greiner, P.C. ("Archer"), counsel to the chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final (Contingent Fee Matters) Application for Compensation and Reimbursement of Expenses for the Period from May 15, 2018 to December 31, 2019 (the "Application").

By this Application, Archer seeks final allowance of compensation in the amount of $17,850.00 and reimbursement of actual and necessary expenses in the amount of 86.87 for a total allowance of $17,936.87, and payment of such fees and expenses for the period from May 15, 2018 through December 31, 2019 (the "Fee Period") for Avoidance Action Services (as defined below) provided to the Trustee. In support of this Application, Archer respectfully represents as follows:

**BACKGROUND**

1.  On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3

2.      On March 31, 2017, the Trustee was appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

3.      The section 341(a) meeting of creditors was held and concluded on May 10, 2017.

4.      On April 28, 2017, the Application to Employ Archer & Greiner, P.C. as Counsel to David W. Carickhoff, the Chapter 7 Trustee Nunc Pro Tunc to March 31, 2017 [Docket No. 15] was filed with the Court.  The Court approved the employment of Archer & Greiner, nunc pro tunc as of March 31, 2017, by order entered May 31, 2017 [Docket No. 45] (the "Retention Order").

5.      On June 27, 2018, the Court entered an Order (the "Supplemental Retention Order") approving the Trustee's supplemental application to retain Archer [Docket No. 150] (the "Supplemental Retention Application").  The Supplemental Retention Order clarified and expanded the scope of the Trustee's retention of Archer.  Specifically, the Supplemental Retention Order authorized the Trustee to retain Archer on a contingency fee basis to render services including the investigation, prosecution (if necessary), and resolution of causes of action arising under chapter 5 of the Bankruptcy Code ("Avoidance Actions"), including, but not limited to, the assertion or disposition of claims in connection with any demand or complaint brought with respect to Avoidance Actions (the "Avoidance Action Services").

6.      Pursuant to the Supplemental Retention Order and Supplemental Retention Application, Archer is entitled to legal fees on a contingency basis equal to (i) 15% of the cash value of any recoveries from a potential defendant to an Avoidance Action after Archer issues a demand letter but prior to filing an adversary proceeding against such defendant; and (ii) 25% of the cash value of any recoveries from a defendant to an avoidance action after Archer files an adversary proceeding against such defendant, but before obtaining a judgment against such defendant.

7. On March 27, 2019, the Trustee filed five adversary proceedings asserting Avoidance Actions. The Trustee also entered into tolling agreements with other potential defendants to Avoidance Actions. Each of the Avoidance Actions have either been subject to a Court approved settlement or dismissed.

8. On May 3, 2019, the Trustee filed the *Chapter 7 Trustee's First Omnibus Motion for an Order Approving Settlements of Avoidance Claims Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 210] (the "First Omnibus 9019 Motion"), seeking approval of the Trustee's settlements reached with three of the potential defendants to Avoidance Actions. The aggregate amount of the settlements subject to the First Omnibus 9019 Motion are $71,500.00 (the "First Omnibus 9019 Motion Recoveries"). By Order dated June 12, 2019 [Dkt. No. 214], the First Omnibus 9019 Motion was approved.

9. On July 16, 2019, the Trustee filed the *Chapter 7 Trustee's Motion for an Order Approving Settlement of Avoidance Claim Against McMillan LLP Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 220] (the "McMillan 9019 Motion"), seeking approval of the Trustee's settlement with potential defendant McMillan LLP. The aggregate amount of the settlement subject to the McMillan 9019 Motion is $20,000.00 (the "McMillan 9019 Motion Recoveries"). By Order dated August 6, 2019 [Dkt. No. 228], the McMillan 9019 Motion was approved.

10. On September 27, 2019, the Trustee filed the *Chapter 7 Trustee's Second Omnibus Motion for an Order Approving Settlements of Avoidance Claims Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 239] (the "Second Omnibus 9019 Motion" and together with the First Omnibus 9019 Motion and the McMillan 9019 Motion, the "9019 Motions"), seeking approval of the Trustee's settlements reached with defendants Mode Transportation, LLC and Smith Transportation Services Inc. The aggregate amounts of the settlement subject to the Second

Omnibus 9019 Motion is $16,500.00 (the "Second Omnibus 9019 Motion Recoveries" and together with the First Omnibus 9019 Motion Recoveries and the McMillan 9019 Motion Recoveries, the "Avoidance Action Recoveries"). By Order dated October 23, 2019 [Dkt. No. 246], the Second Omnibus 9019 Motion was approved.

### ARCHER'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

### Compensation Paid and its Source

11. All services for which Archer requests compensation were performed for or on behalf of the Trustee.

12. Archer has received no payment and no promises for payment from any source other than the Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Archer and any other person other than the shareholders of Archer for the sharing of compensation to be received for services rendered in this case.

### Compensation and Calculation Thereof

13. The fees Archer seeks by way of this Application relate to the settlements set forth in the 9019 Motions. As described in the 9019 Motions, during the Fee Period, Archer negotiated settlements on behalf of the Trustee with each of the parties listed in the 9019 Motions. The aggregate amount of the settlements subject to the 9019 Motions are $108,000, which, as set forth above consists of: (i) the First Omnibus 9019 Motion Recoveries of $71,500.00; (ii) the McMillan 9019 Motion Recoveries of $20,000.00; and (iii) the Second Omnibus 9019 Motion Recoveries of $16,500.00.

14. In total, Archer is seeking fees in the amount of $17,850, which consists of (i) 15% of the First Omnibus 9019 Motion Recoveries and the McMillan 9019 Motion Recoveries ($13,725.00); and (ii) 25% of the Second Omnibus 9019 Motion Recoveries ($4,125.00).

15. Although Archer was retained to provide the Avoidance Action Services on a contingency fee basis as described herein attached hereto as **Exhibit A** is a chart summarizing the hours worked on the Avoidance Action Services by professional. Also, attached hereto as **Exhibit B** are detailed time records for all Avoidance Action Services provided to the Trustee during the Fee Period.

### Actual and Necessary Expenses

16. A summary of actual and necessary expenses incurred by Archer for the Fee period in connection with the Avoidance Action Services is attached hereto as **Exhibit B.** Archer customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. In addition, Archer uses outside copier services for high volume projects, and this application seeks recovery of those costs, if applicable. Archer also charges clients $.95 per page for outgoing facsimile transactions and does not charge for incoming facsimile transactions. Online legal research (i.e., WestLaw) is charged at Archer's discounted cost, which is computed each month based upon the negotiated discount charge to Archer and the allocations of the savings realized during each month. Archer believes the foregoing rates are market rates that the majority of law firms charge clients for such services. The reasonable value of the expenses related to the Avoidance Action Services incurred by Archer in connection with this matter during the Fee Period is $86.87.

**SUMMARY OF SERVICES RENDERED**

12. Archer has performed the Avoidance Action Services on behalf of the Trustee, which have resulted in the recovery of assets, and has performed all necessary professional services pursuant to the terms of the Supplemental Retention Application and the Supplemental Retention Order.

14. The reasonable value of the Avoidance Action Services rendered by Archer for the Trustee during the Fee Period is $17,850.00, as calculated above.

15. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount by Archer is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in in a case under the Bankruptcy Code. Moreover, Archer has reviewed the requirements of Del. Bankr. Local Rule 2016-2 and certifies that this application complies with such Rule, as modified by the Supplemental Retention Order.

WHEREFORE, Archer respectfully requests that, for the period May 15, 2018 through December 31, 2019 final allowance be made to Archer for compensation in the amount of $17,850.00 and actual and necessary expenses in the amount of $86.87 for a total allowance of $17,936.87; that payment of such allowed amounts be authorized on a final basis; and for such other and further relief as this Court may deem just and proper.

Dated:  March 4, 2022

By: /s/ *Alan M. Root*
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Telephone (302) 777-4350
Email aroot@archerlaw.com

*Attorneys for the Chapter 7 Trustee*